## JONES v. FIRST STATE BANK OF BRISTOW.

No. 3194.    Opinion Filed November 18, 1913.

(136 Pac. 737.)

1.  **TRIAL—Direction of Verdict—Evidence.** The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith.

2.  **REPLEVIN—Direction of Verdict—Evidence.** The court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict in opposition to it.

(Syllabus by Sharp, C.)

*Error from County Court, Creek County;*
*Josiah G. Davis, Judge.*

Action by Robert Jones against the First State Bank of Bristow.    Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*W. H. Odell, Lucien B. Wright,* and *S. D. Decker,* for plaintiff in error.

*Pryor & Rockwood,* for defendant in error.

Opinion by SHARP, C.    Plaintiff sued defendant in a justice of the peace court to recover possession of a mule.    The trial resulted in a verdict in plaintiff's favor, and defendant appealed to the county court, where, at the conclusion of all the testimony, the court, on defendant's motion, instructed a verdict for the defendant upon the theory, apparently, that plaintiff had failed to prove the value of the animal, and that such proof was indispensable.    It will not be required of us to consider the necessity of proving the value of property in a re-

plevin action, in cases where a delivery cannot be had, or the meaning of section 5696, Comp. Laws 1909 (Rev. Laws 1910, sec. 4807), in this regard, for, as we view the evidence, there was sufficient proof of value to have taken the case to the jury. The plaintiff, Robert Jones, without objection testified that he bought the mule on the 10th day of November, 1909, at Bristow, and paid therefor $200, which was less than four months prior to the time the mule was taken from his possession by the bank. He further testified that the mule was sound in every way at the time it was taken from him. Frank Washburn, on the part of plaintiff, testified that the mule in question was a mare mule, four years old, about fifteen or sixteen hands high, and weighed 1,000 pounds or better. W. B. Bennett testified, on the part of defendant, that he sold the mule to M. Jones, an officer of defendant bank, during the preceding fall (presumably of 1909) for $155 and considered the price very reasonable; that the mule was sixteen or sixteen and one-half hands high and was a "pretty good mule." J. M. Cummins testified, on the part of the defendant, that he sold the mule to Mitchell Jones, a brother of the plaintiff, Robert Jones, on the 8th day of November, 1909, for $200.

At the conclusion of this testimony, and after both parties had rested, the defendant moved the court to direct the jury to return a verdict in its favor upon the ground that the plaintiff had entirely failed to prove the animal's value. Thereupon the plaintiff asked leave of court, which was granted, to reopen the case for the purpose of making further proof of value. By the plaintiff it was then shown that he knew the value of the mule, which was $200; that he had observed the mule market at Sapulpa, upon which, together with his knowledge of mules, he based its value.

Why the court should have taken the case from the jury, we are unable to conjecture. There was testimony, admitted without objection, tending to show that the animal was worth from $155 to $200. The evidence upon the question of ownership was conflicting. The question presented to the trial court, on a motion to direct a verdict, is whether, admitting the truth

of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith. *Moore v. First Nat. Bank of Iowa City*, 30 Okla. 623, 121 Pac. 626, and cases cited. Some of the evidence of value was admitted without objection; in fact, a part of this proof was supplied by the defendant bank. Though much of the evidence was by the court excluded, yet there was sufficient competent evidence, admitted without objection, to have entitled plaintiff to have his case submitted for the decision of the jury. The court may direct a verdict for the plaintiff or defendant, as the one or other may be proper, only where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict in opposition to it. To permit this judgment to stand would mean to deprive the plaintiff of the right to a jury trial in the face of conflicting evidence of ownership and where there was sufficient competent evidence of value to sustain a verdict if one had been returned in favor of plaintiff.

The judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.