## CASE *et al.* v. POSEY *et al.*

No. 5709. Opinion Filed February 1, 1916.

(154 Pac. 1165.)

1. **TRIAL—Direction of Verdict—Evidence.** The question presented to the trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom. there is enough competent evidence to reasonably sustain the verdict, should the jury find in accordance therewith.

2. **PRINCIPAL AND AGENT—Agency—Question for Jury — Conflicting Evidence.** Where the guardian of the person and estate of a minor is expressly authorized by the county court to sell, for cash. a certain note payable to himself as guardian of such minor, for the purpose of paying certain existing debts against said minor's estate, and in pursuance of said order said guardian indorses said note in blank. and delivers the same to a trusted third person. for the purpose of procuring a buyer therefor, and such third person sells and delivers said note, for cash, to certain purchasers, and receives the proceeds thereof. but fails to turn the same over to said guardian, and where such guardian subsequently institutes a suit upon said note, and such purchasers intervene, claiming to be the owners .thereof, and there is a controversy as to whose agent such third person was. **held,** that the question of agency was one of fact for the jury.

(Syllabus by Dudley. C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by James S. Posey, guardian of Kinnie W. Posey, a minor, and others, against Carl Stein and others, in which F. W. Case and another intervened. Judgment for plaintiffs, and interveners bring error. Reversed and remanded.

*Wm. T. Hutchings* and *James L. Allen,* for plaintiffs in error.

*Jess W. Watts, Alvin F. Molony,* and *Edward M. Gallaher,* for defendant in error James S. Posey.

Opinion by DUDLEY, C. This is an appeal from the district court of Wagoner county. On December 26, 1912, the defendant in error James S. Posey, as the guardian of the person and estate of his daughter, Kinnie W. Posey, a minor, commenced this action in said court against the defendants in error Carl Stein and the Citizens' State Bank, to recover the amount claimed to be due upon a promissory note of $693.33, dated February 24, 1912, signed by said Stein, due and payable to the order of said guardian ten months thereafter, bearing interest at 8 per cent. from date. The bank had said note in its possession for collection and was made a party to said action on account thereof. On January 10, 1913, the plaintiffs in error, by leave of court, intervened in said action, claiming ownership of said note, by purchase from said guardian, through his agent, the defendant in error Carl Deichman, and seeking to recover the amount due thereon from said guardian and Stein, the maker thereof. Later Deichman and the defendant in error Wagoner Investment Company were made parties defendant. At the conclusion of the taking of the testimony, the trial court, upon request of the guardian, directed the jury to return a verdict in his favor for the amount due upon said note. This was done, and judgment rendered in his favor accordingly, from which the interveners have appealed.

The only question presented is whether or not the trial court committed error in directing a verdict for the guardian. The question presented to a trial court, on a motion to direct a verdict, is whether, admitting the truth of all the evidence that has been given in favor

·of the party against whom the action is contemplated, together with such inferences and conclusions as may ·be reasonably drawn .therefrom, there is enough comperent evidence to reasonably sustain the verdict, should the jury find in accordance therewith. *Moore v. First Nat. Bank of Iowa City,* 30 Okla.. 623, 121 Pac. 627; *Jones v. First Nat. Bank of Bristow,* 39 Okla. 784, 136 Pac. 737; *Abbott et al. v. Dingus,* 44 Okla. 567, 145 Pac. 365.

Measured by this rule, should the verdict have been directed in favor of the guardian? A determination of this question requires an examination of the record. James W. Posey is the father and legally appointed guardian of the person and· estate of his daughter, Kinnie W. Posey, a minor. He was appointed prior to February 24, 1912. On said last-named date, he sold and conveyed certain real estate belonging to said minor, pursuant to an order of the county court of Creek county, to Stein, for a stipulated sum, payable one-third cash and the balance in two equal payments, evidenced by promissory notes, one of which is the note sued on herein. In both the· deed and the notes the guardian retained a vendor's lien on said real estate for the deferred payments. On March 16, 1912, said guardian obtained an order of the county court of said county authorizing him to sell and dispose of the note sued on for cash, and use the proceeds thereof for the payment of certain existing indebtedness against his ward's estate. Immediately following this, he indorsed said note in the following words:·

"For value received ·and by special order of the county judge of Creek county, Oklahoma, I hereby assign and transfer the within note, together with all interest in and all rights under the vendor's lien securing the same ·to ————. [Signed] J. S. POSEY, *Guardian of Kinnie W. Posey.*"

—and delivered said note, bearing such indorsement, to Deichman, for the purpose of procuring a buyer for the same. In May following, Deichman sold and delivered said note to the interveners, who resided in New York state, for the sum of $650, $600 of which was paid to him at that time. He furnished them an abstract of title to said real estate, together with a certified copy of the order authorizing the guardian to sell said note. The abstract disclosed some unpaid taxes upon said real estate, and on account thereof the purchasers retained $50 to protect them against said taxes. The interveners made investigation of the financial responsibility of Stein before they purchased said note. Considerable correspondence passed between them and Deichman before the sale was consummated, from which it reasonably appears that Deichman was representing the guardian in the sale of said note.

The guardian admitted that he indorsed and delivered said note to Deichman, for the purpose of procuring a buyer for the same, but claims that he was not to deliver the note, nor receive the money for the same, except in his presence. The guardian claims that Deichman was the agent of the purchasers. They deny this, and claim that he was the guardian's agent in selling the note, and that they bought it in good faith through him. Deichman did not turn over the $600 he received upon said note to the guardian. He claims, however, that the guardian owed him this amount, or more, and that the estate of said ward owed the guardian over $700, and that the guardian authorized him to retain this money in payment of his debt.

The main controversy is as to the ownership of the note. The important factor in determining this ques-

tion is whether Deichman was the agent of the guardian or of the purchasers. This was a question of fact to be determined by the jury. The evidence upon this question was sharply conflicting, and the trial court was not justified in directing a verdict for the guardian. *Wrought Iron Range Co. v. Leach,* 32 Okla. 706, 123 Pac. 419; *Yukon Mills & Grain Co. v. Imperial Roller Mills Co.,* 34 Okla. 817, 127 Pac. 422; *Gast et al. v. Barnes,* 44 Okla. 107, 143 Pac. 856. The guardian was specifically authorized by the county court to sell this particular note. The purchasers certainly had a right to buy it; but if Deichman was, as a matter of fact, their agent, and he failed to account to the guardian for the purchase price, then under certain circumstances they would be liable. *First National Bank of Keota v. Bridges,* 39 Okla. 355, 135 Pac. 378. If, however, Deichman was the trusted agent of the guardian, and the guardian saw fit to indorse and deliver this note to him, with authority to procure a buyer therefor, and the purchasers bought in good faith, then they would be entitled to recover upon the note, notwithstanding the fact that the guardian's agent may have dissipated the funds.

The record discloses other questions of fact which should have gone to the jury. The judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.