## REMARKIS et al. v. REID.

No. 7183—Opinion Filed June 19, 1917.

(166 Pac. 728.)

(Syllabus by the Court.)

### 1. Trial—Demurrer to Evidence.

Where the evidence as a whole, with all the inferences that can properly be drawn therefrom, will not support a judgment in favor of the party offering it, a demurrer thereto should be sustained.

### 2. Contracts—Intent.

Where plaintiff did not intend to charge the defendant anything for various items when they were furnished, and so testifies, she cannot recover therefor.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Suit by Anna Reid against Clara Remarkis, with garnishment against John H. Wright. Judgment for plaintiff, and defendant and the garnishee bring error. Reversed and rendered.

John H. Wright and Clarence J. Blinn, for plaintiffs in error.

Thos. W. Conner and G. N. Longfellow, for defendant in error.

TURNER, J. On July 27, 1914, Anna Reid, defendant in error, sued Clara Remarkis, plaintiff in error, in the district court of Oklahoma county, to recover for nurse hire food, clothing, groceries, etc., furnished by defendant in error to plaintiff in error under an alleged parol contract, by the terms of which, plaintiff alleges, she—

"was to take charge of and have the care custody, and control of the person of defendant and to administer to the personal wants of defendant and to provide defendant with such things in the way of food, clothing, and groceries and delicacies as defendant might ask and require, and also to nurse defendant and to act as body servant for defendant, for all of which provisions, etc., as above stated and for all of said help and assistance as before stated, defendant was to pay to this plaintiff such as is and would be a reasonable compensation; * * * that, in pursuance of said contract, plaintiff furnished for defendant goods, wares, merchandise, and delicacies."

Plaintiff then filed her affidavit in garnishment against John H. Wright, one of plaintiffs in error, alleging that he had certain personal property in his hands belonging to defendant sufficient to satisfy the amount claimed to be due, etc. The garnishee answered, admitting that he held three promissory notes of $1,000 each, payable to defendant, but that the same were not yet due; that he had no other property in his possession belonging to defendant. Defendant answered by general denial. The cause proceeded to trial before a jury, and, after the introduction of plaintiff's evidence, defendant demurred thereto, which demurrer was overruled. The jury returned a verdict in favor of plaintiff, upon which the court rendered judgment.

It is contended by plaintiff in error that the court erred in overruling her demurrer to the evidence of plaintiff. This contention must be sustained. This for the reason that plaintiff offered no evidence tending to show a verbal contract between her and defendant with reference to the payment for the services rendered. The evidence shows: That defendant is the aunt of plaintiff; that defendant was about 84 years old at the time of the institution of this suit, and was in poor health; that she wrote plaintiff, who resided without this state, to come and take care of her; that plaintiff nursed and cared for defendant for some 23 weeks, and purchased the necessaries of life heretofore mentioned with her own money; that plaintiff has not been paid therefor; that defendant had promised her that upon

her death she (defendant) would give her a certain town lot in Oklahoma City worth some $15,000 for nursing and caring for her; that, after plaintiff had nursed defendant for some 23 weeks, defendant married and left the city, and was thereafter located at Dallas, Tex. Plaintiff testified that she had no intention, until after defendant left her care and married, of charging her for services rendered. On this point plaintiff testified as follows:

"Q. All you expected was to get money out of the property for the money you put in and you had never expected to charge her for these things? A. My intention when I came was not to charge for anything. Absolutely nothing. Q. And you never had any intention of charging her until the Greek took her away; is that correct? A. After I found that she had gone away— She depended on me in every business move she had made. She often depended on me. * * * Q. That was the first time you had made up your mind you would charge her, is it? A. I had not thought of making any charge until that man took her away."

Witness further testified:

"Q. You never did intend to charge her? A. No; and if she was a single woman today, I would not think of it now. Q. You never did think of doing that? A. No; I never did at any time."

It will therefore be seen that plaintiff made these expenditures and performed the services for defendant without expecting to receive any reward therefor. There was no evidence tending to prove a contract of any kind between the parties. It is well settled that:

"Where services are rendered gratuitously or without any view to compensation, but in the hope of receiving a legacy or devise from the person to whom the services are rendered, the person rendering the services can recover no compensation therefor." Davison v. Davison, 13 N. J. Eq. 246.

And in Evans v. Henry, 66 Ill. App. 144, the court said:

"Where the intention to claim compensation for services rendered is an afterthought, no recovery can be had."

As stated, plaintiff's evidence shows conclusively that she did not intend, at the time she rendered the services, to charge defendant therefor, but that she expected to be compensated therefor by gift or devise of the lot, and that, when defendant married, and plaintiff's hope of receiving the property vanished, she brought this suit, expecting to recover for services for which she did not intend to charge at the time they were rendered.

In Collins v. Martin, 43 Kan. 182, 23 Pac. 95, the court held:

"Where a defendant did not intend to charge the plaintiff anything for various items when they were furnished, and so testifies, he cannot, after an action has been commenced, make charges for them, and recover thereon."

It is unnecessary to consider any of the other errors assigned.

For failing to sustain the demurrer to the evidence, the cause is reversed and rendered.

All the Justices concur, except KANE, J., absent, and not participating.