## STICELBER & MONG v. HADDOCK.

No. 11307—Opinion Filed May 22, 1923.

**1. Trial—Motion to Direct Verdict—Issue Presented.**

The question presented to the trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain the verdict, should the jury find in accordance therewith.

**2. Same—Action on Drilling Contract.**

Record examined, and held, that the evidence for the plaintiff was sufficient to take the case to the jury, and the trial court erred in sustaining the motion of the defendant for a directed verdict.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; John L. Coffman, Judge.

Action by Sticelber & Mong, a copartnership composed of A. T. Sticelber and R. C. Mong, against John Haddock. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Robinson & Mieher, for plaintiffs in error.

Geo. W. Boone, for defendant in error.

Opinion by JARMAN, C. This is the second appeal of this case. The defendant in the case of Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1138, appealed from a judgment based upon an instructed verdict for the plaintiffs, which judgment was reversed by this court, and remanded for a new trial. A new trial was had, and the plaintiffs have now appealed from the judgment of the lower court based upon an instructed verdict for the defendant.

The plaintiffs bring this action to recover the sum of $1,118 for drilling an oil and gas well for the defendant. The defendant alleges that he was to pay for one-half of the first 900 feet of the well, and that the Westerly Oil Company and P. F. Daulgren were to pay for the other one-half of the first 900 feet; and that the defendant was to pay for the drilling of the remainder of the well, 320 feet. R. C. Mong testified that he, on behalf of, and as a member of, the partnership of Sticelber & Mong, made the contract with the defendant to drill this well, and that the defendant was to pay the plaintiffs therefor, and no other person was known in the deal.

There is a conflict in the testimony of the plaintiffs and defendant on this point. If the jury had believed the testimony of the witness Mong, it would have been justified in returning a verdict for the plaintiffs for the drilling of the well to its full depth. The weight of the evidence is a matter for the jury to determine. On a motion for an instructed verdict, it is not a question of where the weight of the evidence lies, but the only question presented is whether, disregarding the evidence of the defendant and admitting the truth of all the evidence by the plaintiff, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough evidence to reasonably sustain a verdict of the jury, should the jury find for the plaintiff. Moore v. First Nat. Bank, 30 Okla. 623, 121 Pac. 626; Frick-Reid Supply Co. v. Hunter, 47 Okla. 151, 148 Pac. 83; Littlejohn v. Midland Valley Ry. Co., 47 Okla. 212, 148 Pac. 120; Case v. Posey, 55 Okla. 163, 154 Pac. 1165; Akin v. Baldwin Piano Co., 62 Okla. 241, 162 Pac. 221; Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1138; Matthews v. Mounts, 81 Okla. 245, 197 Pac. 708; Jones v. First St. Bank, 39 Okla. 784, 136 Pac. 737; Abbott et al. v. Dingus, 44 Okla. 567, 145 Pac. 365.

Under this rule, which has been uniformly adhered to by this court, we think the evidence produced on the part of the plaintiffs was sufficient to take the case to the jury.

The judgment of the trial court should, therefore, be reversed and this case remanded for a new trial.

By the Court: It is so ordered.