## KERLEY v. BRANCH.

No. 13040—Opinion Filed Feb. 26, 1924.

Rehearing Denied Sept. 16, 1924.

**1. Appeal and Error — Right of Prevailing Party to Complain.**

Where, in the trial of a cause, the court found for the appellant upon the mat-

ters presented and argued in his brief, there is nothing before the appellate court for review.

**2. Appeal and Error—Briefs—Waiver of Assignments of Error.**

Where assignments of error are made in the motion for a new trial and in the petition in error, but are not argued in the brief, such assignments of error will be treated as waived and will not be considered on appeal.

**3. Judgment Sustained.**

Record examined, and held, that. it does not appear that the appellant was denied any substantial right in the trial of the cause; that the judgment .of the trial court is supported by competent evidence; and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Action in replevin by W. J. Kerley, against Andrew Branch, to recover possession of a certain lot of cattle. Cross-action by Andrew Branch for damages. Judgment for plaintiff for possession of the cattle. Judgment on the cross-action for Andrew Branch for damages and costs of the action. Plaintiff appeals. Affirmed.

D. F. Spradling for plaintiff in error.

Green & Pruet, for defendant in error.

Opinion by SHACKELFORD, C. The parties herein will be referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff commenced this action in the county court of Jefferson county, in county court district number two, by filing therein his petition and affidavit in replevin. He sought to recover the possession of a certain lot of cattle alleged to be unlawfully detained by the defendant, Andrew Branch. Summons and replevin writ were issued and served upon the defendant, and the cattle taken from his possession, and, no redelivery bond being furnished by the defendant, the cattle were delivered to the plaintiff in due course, and return of the summons and writ made. After a demurrer was filed and overruled the defendant filed answer and cross-petition. By way of answer he denied the allegations of the petition. For cross-petition he alleged that the cattle of the plaintiff broke in upon his lands and did damage to his premises and crops by destruction of property amounting to $125 in value; that he had impounded the stock and had proceeded under the law to have his damages assessed and create a lien upon the property for the amount. The plaintiff filed reply.

The cause was called for trial on the 16th day of August, 1921, and a jury impaneled and testimony. taken. Upon the announcement of rest by both parties, plaintiff and defendant each moved for a directed verdict. The court discharged the jury and rendered judgment for the plaintiff that he was entitled to retain possession of the cattle, and found from the evidence that the defendant had been damaged by the plaintiff's cattle in the sum of $40, and rendered judgment for the defendant against the plaintiff upon the cross-petition for the said sum of $40 and the costs of the action.

The plaintiff filed a motion for a new trial which was overruled, and he prosecutes appeal to this court.

There are 11 assignments of error set out in the petition in error. These are all presented under two propositions in the plaintiff's brief, and are (1) that defendant failed to create a lien upon the cattle for his damages, by reason of his failure to comply with the statute; and (2) the court erred in overruling the motion for a new trial.

Upon the first proposition there is nothing before this court for review. Plaintiff made the contention in the trial court, as it appears from this record. The court found for the plaintiff upon the contention made, and failed or refused to impress a lien upon the plaintiff's cattle for the amount of defendant's damages, and there is no cross-appeal by the defendant.

It seems that upon the trial of the replevin branch of the cause some contention arose about whether a demand for the cattle was necessary before filing the suit, or whether the demand that was attempted to be made was sufficient; and plaintiff has devoted considerable attention to the necessity for demand and what would constitute a demand for property before filing a replevin suit, but it seems nothing is before this court for review upon the matter so argued, since the court found for the plaintiff on his contention that the demand made was either sufficient or a demand under the circumstances was unnecessary.

Nothing is presented in the brief for consideration under the second proposition.

In the motion for a new trial, and in the petition in error, the plaintiff complains of

the action of the court in discharging the jury and rendering judgment against the plaintiff for defendant's damages, which was fixed at the sum of $40. Such assignment of error is not argued in the brief and will be treated as having been waived, under the often repeated holdings of this court that where an assignment of error is not argued in the brief it will be treated as having been waived. No complaint is made that the amount of damages is excessive, nor is it contended that the plaintiff's action in replevin was not sufficently flexible to permit of a settlement of defendant's claim for damages done by the plaintiff's cattle.

There were errors committed upon the trial which, as we view them, would necessitate a reversal of the judgment had there been a cross-appeal. Such errors were made in favor of the plaintiff and not against him.

The judgment for defendant's damages is supported by the evidence.

The plaintiff was not denied any substantial right upon the trial. We think the judgment should stand; and therefore recommend that it be affirmed.

By the Court: It is so ordered.