## McCAIN v. J. B. COLT CO.

No. 19174.    Opinion Filed Oct. 22, 1929.

Frank T. Gee, for plaintiff in error.

Starkweather & Manning, for defendant in error.

JEFFREY, C. The J. B. Colt Company, herein referred to as plaintiff, brought this suit against Peak McCain, the defendant, to recover on a promissory note in the sum of $322.15. The defendant admitted the execution of the note, but contended, among other things, that he was induced to sign the note by false and fraudulent representations on the part of plaintiff's agent. It appears that on March 5, 1921, defendant purchased of plaintiff company a small lighting plant described as a carbide generator model N. for the sum of $296.90. At that time he executed a written contract of purchase containing description and warranties of the generator. Thereafter, on March 17, 1921, defendant executed and delivered to plaintiff his promissory note for the purchase price payable one year from date. When the note matured defendant was unable to pay same, and on September 18, 1922, he executed the renewal note sued upon, which included, as principal, the interest accrued to that date. The defense was that at and prior to the execution of the contract and note, plaintiff's agent induced defendant to sign the contract and note by making certain oral fraudulent representations, which amounted to warranties, and that the generator did not come up to these warranties so made. The defendant also, by way of cross-petition, claimed damages by reason of the breach of warranties. At the trial, defendant, having admitted the execution of the note, assumed the burden of procedure and offered his evidence. At the close of defendant's evidence, plaintiff moved for an instructed verdict on the ground that defendant had failed to establish a defense to the note, which motion was sustained, and the jury under instructions returned a verdict for plaintiff for the amount of the note and interest. Motion for new trial having been overruled, defendant has appealed.

The first assignment of error presented is that the court erred in overruling the motion of plaintiff in error for a new trial. Following this assignment of error, counsel sets forth the six grounds for new trial incorporated in his motion, but does not point out which one or ones are relied upon, and makes no argument under this assignment of error in support thereof. This assignment of error is entirely too general and indefinite to be here considered. Assignment of error No. 7 is that the court erred in overruling demurrer to the petition, and in overruling motion to strike from the reply new and redundant matter. This assignment of error is not argued, and our attention is not called to any particular error under this assignment. Both of these assignments of error are too indefinite for a consideration, and will be treated as waived, since no argument is presented in support thereof. Kerley v. Branch, 100 Okla. 167, 228 Pac. 950; Pierce Oil Corp. v. Puckett et al., 99 Okla. 228, 226 Pac. 364.

There are several other assignments of error set forth in the defendant's brief, but from the arguments presented under all of the assignments, we conclude that they ultimately raise but one question, namely: Was evidence of prior and contemporaneous oral negotiations and stipulations admissible in evidence for the purpose of establishing a defense, when the same tended to vary and contradict the written order upon which the light plant was sold? Defendant attempted to prove that plaintiff's representative who sold the carbide light system to defendant represented that the system would furnish lights cheaper than coal oil lamps, or any other system of lighting; that said agent orally represented that the generator would not freeze, and warranted that the same would give ten years' service. Objections to the most of this testimony were sustained, and this seems to be the principal complaint made in this court. Defendant admitted that he executed a written contract for the purchase of the light plant. He testified that he could read and write and did read the contract. Under this state of facts, was the offered evidence of the oral statements of the agent admissible in evidence? The written order, or sales contract, executed by defendant, warranted the apparatus to be thoroughly durable, galvanized steel acetylene generator, automatic in action, and good material and workmanship; and that it was on the permitted list of the National Board of Fire Underwriters. These constitute the only express warranties in the

written, order or contract. The contract contained the following pertinent provision:

"This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by an officer or credit manager of said company at its office in New York, N. Y.; it being understood that this instrument, upon such acceptance, covers all of the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements, or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order, that contract so made cannot be canceled, altered or modified by the purchaser of any agent of the company, or in any manner, except by agreement in writing between the purchaser and the company acting by one of its officers."

The identical contract was involved in the recent cases of J. B. Colt Co. v. Florence, 128 Okla. 14, 261 Pac. 142, and J. B. Colt Co. v. Thompson, 114 Okla. 61, 242 Pac. 1030. In the Florence Case, the defense was that at the time of the sale of the generator, plaintiff's agent represented that it would burn five lights for three months on 50 pounds of carbide, and that plaintiff would maintain a station at Comanche, Okla., for furnishing carbide, and to make necessary repairs to the lighting system; and that all of these representations were false and untrue. Evidence of these oral representations was admitted in that case, and a verdict was returned in favor of defendant. On appeal this court, after reciting the above and foregoing provision of the contract, held the evidence was incompetent for the reason that it tended to vary and contradict the terms of the written contract. The syllabus in that case is as follows:

"A contract in writing supersedes all oral negotiations or stipulations prior thereto, and if at the time of the sale a written order is given by the purchaser, duly signed by him, and later, upon delivery of the article bought, a note is given for the purchase price and suit is brought on the note, oral testimony is incompetent to vary, change or contradict the written order."

The foregoing case is squarely in point with the case at bar, and must necessarily control our holding on the question here under consideration. The case of J. B. Colt Co. v. Thompson, supra, is also in point, in which numerous authorities are referred to. In that case fraud in the procurement of the note and contract was relied upon as well as in the case at bar, but it is there held that while fraud in the procurement of the note or contract is a valid defense, and evidence of oral statements and representations is admissible to establish fraud, such representations as are relied upon in the case at bar and under the circumstances here presented do not constitute such fraud as will relieve one from his written obligation. We conclude the written order executed by the parties superseded all the oral negotiations and representations which preceded or accompanied the execution of the instrument, and evidence of these oral statements by the agent was incompetent as evidence since they tended to vary and contradict the terms of the written instrument.

It is also contended that the court erred in directing a verdict for plaintiff. As heretofore stated, defendant admitted the purchase of the light plant, the execution of the note, and the execution of the written order. He testified that when the first note matured, he was unable to pay the same, and gave the note in suit as a renewal note. He also testified that he had not paid the note. The court permitted the defendant to testify that plaintiff's agent told him that the light plant would not be injured by freezing; that the same did freeze about two years after it had been installed; that the agent also told him that the plant would make light cheaper than coal oil lamps, which was untrue. However, we have heretofore held this testimony is incompetent to establish a defense in the face of the written contract contradictory in its terms. When stripped of the incompetent testimony and the immaterial matters admitted in evidence, defendant's evidence simple shows that the note was executed and unpaid. Under this state of facts, plaintiff was entitled to judgment, and the court properly instructed the jury to return a verdict for plaintiff. Counsel argues that the terms of a written contract may be contradicted by evidence of an oral executed contract, but he does not point to such an executed oral agreement, or show the applicability of the rule. The judgment of the trial court is affirmed.

TEEHEE, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 178; (2) anno. 17 L. R. A. 271; 10 R. C. L. p. 1017; R. C. L. Perm. Supp. p. 2815. See "Appeal and Error," 3 C. J. §1504, p. 1357, n. 48; 4 C. J. §3057, p. 1069, n. 23; "Evidence," 22 C. J. §1459, p. 1102, n. 97; §1474, p. 1117, n. 65.