**Mary P. THOMPSON, Appellant,**

v.

**Myra PETERS, Appellee.**

**No. 82357.**

Court of Appeals of Oklahoma, Division No. 3.

June 21, 1994.

Rehearing Denied Aug. 9, 1994.

Certiorari Denied Oct. 25, 1994.

---

Frank Hickman, Tulsa, for appellant.

Galen L. Brittingham, Amy L. Rumbaugh, Tulsa, for appellee.

## OPINION

GARRETT, Vice Chief Judge:

Appellant sued Appellee for damages caused by an alleged breach of an oral contract. The trial court sustained Appellee's motion and entered summary judgment for Appellee. Appellee performed hip replacement surgery on Appellant in 1980. After a fall in 1989, there was a revision of the previous surgery, which was performed by Appellee in 1990. Prior to the 1990 surgery, Appellant signed a consent form which, as applicable here, provided:

I am aware that the practice of medicine and surgery is not an exact science and acknowledge that no guarantees or warranties have been made to me concerning the results of the procedure(s). I acknowledge that even though my physician has advised me of all known risks, up to and including the rare but possible severe risks as revealed in item 3 of this form, that additional unforeseeable and unpreventable situations could arise in the course of my care, which might result in injury.

In 1992, Appellant had another hip replacement surgery. One month later, she had the hip replacement removed due to infection.

Appellant prayed for damages for medical expenses and pain and suffering in connection with the additional medical procedures required after Appellee performed the 1990 surgery. Appellant alleged Appellee breached an oral contract which was created when, during a consultation, Appellant agreed to the surgery after Appellee allegedly assured her that afterwards she would never require additional treatment or surgery. Appellee moved for summary judgment based upon the written consent form signed by Appellant which superseded any prior oral negotiations. Appellant responded that the consent form was merely an authorization for the hospital to allow Appellee to perform the surgery and did not as a matter of law, discharge Appellee from the prior oral contract. Appellant now claims summary judgment was improper because a question of material fact remains as to the oral contract and whether the consent form was valid and Appellant knowingly signed it.

Summary judgment should be entered when there is no substantial controversy as to any material fact and one of the parties is entitled to judgment as a matter of law. *Erwin v. Frazier*, 786 P.2d 61 (Okl. 1989). The moving party has the burden of showing there is no substantial controversy as to any material fact. When movant makes the required showing, the burden shifts to the opposing party, who must then demonstrate that a material fact is in dispute which would justify a trial. *Indiana National Bank v. State of Oklahoma Depart. of Human Services*, 857 P.2d 53 (Okl.1993); *Loper v. Austin*, 596 P.2d 544, 545 (Okl.1979). Appellant's claim that Appellee breached a prior oral contract in assuring Appellant that she would never require further surgery or medical treatment after the 1990 surgery is unsupported by the record. Proof of such a

contract was essential to Appellant's cause of action for breach of contract based upon an express warranty. *See Karriman v. Orthopedic Clinic,* 516 P.2d 534 (Okl.1973). Appellant testified she would have undergone the surgery without assurances by Appellee that she would require no further treatment. Appellant never relied on Appellee's oral promise. There can be no express warranty without reliance. See 17A C.J.S. Contracts § 342, pp. 325–326; *Woodahl v. Matthews,* 196 Mont. 445, 639 P.2d 1165 (1982). The written consent form signed by Appellant was totally inconsistent with the alleged oral contract; and, it superseded any earlier oral negotiations between the parties. 15 O.S. 1991 § 137; *Clayton v. Paul,* 292 P.2d 405 (Okl.1956).

Absent negligence, the written consent form was in fact, a release. A release is a contract and when its language is clear and without ambiguity, as here, the trial court is to interpret it as a matter of law. *Corbett v. Combined Communications Corp.,* 654 P.2d 616 (Okl.1982). Such contracts are valid and enforceable when, (1) an attempt to excuse one party from liability is expressed in clear, definite and unambiguous language, (2) the contract is made at arm's length with no vast disparity of bargaining power between the parties, and (3) when it is not contrary to public policy. *Trumbower v. Sports Car Club of America, Inc.,* 428 F.Supp. 1113 (W.D.Okl.1976). Appellant did not allege negligence, unequal bargaining power, or any violation of public policy. Regardless of whether Appellant remembers reading the consent form prior to signing it, she cannot escape the conditions of the contract by claiming that she failed to read it. *First National Bank & Trust Co. v. Stinchcomb,* 734 P.2d 852 (Okl.App.1987). The evidence raised no material issues of fact regarding the validity of the consent form. We see no disputed material fact. Appellee was entitled to judgment as a matter of law.

AFFIRMED.

HUNTER, P.J., and BAILEY, J., concur.