# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 10, 2001 Session

## ALVIN BATES v. DR. JOSEPH METCALF, IV, d/b/a OAK RIDGE SURGEONS, P.C.

### Appeal from the Circuit Court for Anderson County
No. 98LA0448     James B. Scott, Jr., Judge

### FILED DECEMBER 3, 2001

### No. E2001-00358-COA-R3-CV

---

CHARLES D. SUSANO, JR., J., dissenting.

I respectfully dissent because I believe the plaintiff was entitled to a directed verdict on his battery claim. In my judgment, there is no probative evidence in the record that the plaintiff consented to an internal lateral sphincterotomy, the surgical procedure performed by Dr. Metcalf. *Cf. Blanchard v. Kellum*, 975 S.W.2d 522, 524 (Tenn. 1998). In view of this lack of consent, I would hold that Dr. Metcalf committed a medical battery and therefore is responsible for all the consequences of that battery.

In the instant case, the plaintiff executed a consent form.[1] (See Appendix). The purpose of such a form is clear, *i.e.*, its function is to set forth the procedures authorized by the patient. In this case, the plaintiff authorized Dr. Metcalf to do/perform an "anal exam and possible hemorrhoidectomy." The form acknowledges that Dr. Metcalf "has discussed and explained to [the plaintiff] (a) [t]he nature and purpose of the operation or procedure[,] [and]...(c) [s]ignificant risks." In another part of the form, the plaintiff acknowledges that "[i]t has been explained to me that, during the course of the operation, *unforeseen conditions* may require additional surgery *immediately*." (Emphasis added). While I mention this latter provision in order to demonstrate that Dr. Metcalf was at liberty to do what was medically necessary in the event he encountered "unforeseen conditions," I hasten to add that the doctor does *not* contend that the circumstances during the surgery were such as to require that an internal lateral sphincterotomy be done "immediately," *i.e.*, while the plaintiff was still under a general anesthetic.

Certain facts – facts that I find to be very significant – are not in dispute. Dr. Metcalf never, at any time, told the plaintiff that he might perform a procedure known as an internal lateral

---

[1]The form is entitled "Request for Surgery."

sphincterotomy; he did not describe what is involved in such a procedure; and – what is probably obvious from the first two facts – he did not inform his patient about the risks involved in such a procedure.

The trial court and the majority find evidence of the plaintiff's *implied* consent in the following facts: Dr. Metcalf told the plaintiff that his pain and bleeding were probably due to his hemorrhoids, but that his symptoms could be caused by something else such as an "anal fissure"; that, regardless of the cause of the symptoms, he, the doctor, told the plaintiff that he would do what was necessary to fix his problem "at that time," *i.e.*, while the plaintiff was already under a general anesthetic; and, finally, the undisputed fact that an internal lateral sphincterotomy is an appropriate surgical procedure to repair an anal fissure.

I do not believe the evidence is such as to legally raise the issue of implied consent. In my judgment, a consent form is an integral part of the contract for professional services between the surgeon and his or her patient. In fact, it is the part of the contract that defines the authorized procedures. Considering the purpose of such a form, I believe the consent form before us must be construed as a statement of what is authorized, *to the exclusion of all other procedures except in the case of "unforeseen conditions."* To hold otherwise is to ignore the purpose of the form; to substantially dilute its significance as an authorization vehicle; and to render it subject to undue expansion by a vague statement such as the one attributed to Dr. Metcalf in this case. If we are to allow a physician to testify that he or she told the patient – "I will do what is necessary to correct your problem" – we put at risk the efficacy of a written consent form setting forth with specificity the procedures authorized by a patient.

In my opinion, Dr. Metcalf's testimony runs afoul of the parol evidence rule. It was offered to vary the terms of a specific authorization by *adding* another procedure that the doctor could perform in a non-emergency situation. We should not consider this testimony since it violates the parol evidence rule, *a rule of substantive law. See **Maddox v. Webb Constr. Co**.*, 562 S.W.2d 198, 201 (Tenn. 1978) ("The parol evidence rule in Tennessee is not a rule of evidence merely, but is a rule of substantive law and no exception nor assignment of error is necessary to ensure its application."); *see also **Tri-Cities Forklift Co. v. Conasauga River Lumber Co**.*, 700 S.W.2d 548, 549 (Tenn. Ct. App. 1985). ("since in this jurisdiction the parol evidence rule is not merely a rule of evidence but a rule of substantive law, we are bound by it on appeal whether the appellant objected on the trial of the case or fails to raise it as an issue on appeal").

The consent form in this case authorizes two specific procedures – an anal exam and possible hemorrhoidectomy – and a more general category of procedures, *i.e.*, "unforeseen conditions may require additional surgery immediately." I disagree with the concurring opinion's conclusion that this latter general category means that the consent form is not "a complete and exclusive statement of the terms of the agreement." While this general category of procedures *could* have resulted in a procedure not *expressly* authorized, that did not happen in this case. As I have previously indicated, the surgery performed by Dr. Metcalf did not have to be undertaken "immediately." This fact is undisputed. In my judgment, Dr. Metcalf's testimony clearly attempts to expand the consent form

beyond that which was expressly and generally authorized. It is my further judgment that there is nothing about the consent form to suggest that it was other than a complete statement of the procedures authorized by the plaintiff.

Cases from other jurisdictions have denied patients the right to expand or contradict a written consent form by parol evidence. *See*, *e.g.*, **Chandler v. Cook**, 265 A.2d 794, 795 (Pa. 1970); **Thompson v. Peters**, 885 P.2d 686, 687-88 (Okla. Ct. App. 1994). A physician should be similarly restricted. As the saying goes, "what's good for the goose, is good for the gander."

I believe we establish a dangerous precedent when we allow a physician to create a disputed fact by oral testimony of the type now before us in the face of a clear and unambiguous written consent form authorizing specific procedures.

An individual has a right to the integrity of his or her body. **Church v. Perales**, 39 S.W.3d 149, 158 (Tenn. Ct. App. 2000). The law recognizes this right in many ways – in civil law as well as in criminal law. No one has a right to invade that right without the consent of the other. I find no such consent in the instant case. Accordingly, I would remand for the entry of an order directing a verdict for the plaintiff on the battery claim and for further consideration, limited to the issue of damages.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE