2001 OK CIV APP 141

Natalie **ANDERSON**, a Minor, by and through her Father and Next Friend, Cameron **ANDERSON**, and Cameron **Anderson**, Individually, Plaintiff/Appellant,

v.

AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, Defendant/Appellee.

No. 95,659.

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided Aug. 10, 2001.

Mandate Issued Nov. 20, 2001.

Modified Dec. 18, 2001.

Certiorari Denied Oct. 23, 2001.

Kelly A. George, Kenneth G. Cole, Oklahoma City, OK, For Plaintiff/Appellant.

Stefan K. Doughty, Chris Condren, Oklahoma City, OK, For Defendant/Appellee.

## OPINION

GARRETT, Judge:

¶1 Appellant, Natalie Anderson, minor child of Appellant, Cameron Anderson, was on the premises of Metro Fitness Centers d/b/a Curves for Women (Metro) with her mother. Natalie was injured when a piece of equipment fell on her head. Appellants filed a claim against Appellee, American International Specialty Lines Insurance Company (Company), Metro's insurance carrier, for payment of Natalie's medical expenses under the policy's no fault medical payments provision. After eight months passed without payment, Anderson sued Company for bad faith. Company filed a motion for summary judgment, arguing neither Anderson nor Natalie had standing to sue it for bad faith because they were third parties to the insurance contract. The trial court sustained the motion and entered summary judgment in Company's favor. Anderson and Natalie appeal.

¶2 The trial court held:

Before this Court is a Motion for Summary Judgment filed by the Defendant, American International Specialty Lines Insurance Company. Based on the briefs and arguments of counsel, the Court finds that *Rednour v. JC & P Partnership* 996 P.2d 487 is persuasive and accurately reflects the law in Oklahoma, by which this Court is bound. Therefore, this Court finds the Defendant's Motion for Summary Judgment should be sustained and judgment should be entered for the Defendant.

¶3 *Rednour v. JC & P Partnership*, 2000 OK CIV APP 10, 996 P.2d 487

(cert. denied), canvassed prior Oklahoma cases in which claimants seeking insurance proceeds alleged bad faith claims against insurers. In general, the cases applied the third party beneficiary statute.[1] A common thread throughout those court decisions is that to determine who has standing to bring a bad faith claim against an insurer, one must consider the contracting parties' primary intent as reflected in the policy. Even if it is undisputed that a party is entitled to benefits under an insurance policy, the insurer's duty to deal fairly and act in good faith is limited. It does not extend to every party entitled to payment of insurance benefits. There must be either a contractual or statutory relationship between the insurer and the party asserting the bad faith claim before the duty arises. *Rednour*, and *Roach v. Atlas Life Insurance Company*, 1989 OK 27, 769 P.2d 158. "[T]he insured's reason for purchasing the insurance policy determines if the required contractual relationship exists, not the entitlement to payment of insurance proceeds." *Roach*, and *Gianfilippo v. Northland Casualty Company*, 1993 OK 125, 861 P.2d 308.

¶4 To preclude a life insurance beneficiary from bringing a bad faith claim "would negate a substantial reason for the insured's purchase of the policy—the peace of mind and security which it provides in the event of loss." *Rednour* and *Roach*. An insured purchases an uninsured motorist policy to protect himself, and others defined as "insureds" under the policy, if he is injured in an accident with another motorist who is uninsured or underinsured. The insurer promises to pay its own insured, rather than third parties, and the insured has standing to bring a bad faith claim. However, an injured passenger, Gianfillippo, in a vehicle covered only incidentally by an **automobile liability** policy, did not enjoy the statutory relationship of "insured" under an **uninsured motorist** policy and could not bring a bad faith action directly against the insurer. See *Gianfillippo*.

---

1. 15 O.S.1991 § 29 provides:

A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.

¶ 5 Under similar circumstances to the instant case, the *Rednour* Court had to determine whether a claimant under the medical payments provision of a premises liability insurance policy could bring a claim for bad faith against the insurer. The Court stated the purpose of premises liability coverage is the protection of assets of a business owner. The Court further stated:

Medical expense provisions in such policies principally serve that goal by reducing the likelihood of further litigation through the prompt payment of medical expenses of parties injured on the premises without the necessity of them suing the business owner and proving negligence.

Considering the policy under which Rednour seeks to impose a duty on Insurer, we must conclude that the primary purpose was *to provide protection to the Insured from damage claims, and parties such as Rednour only incidentally benefit from a provision which is primarily designed to avoid more extensive claims by reducing injured parties' motivation for bringing a lawsuit.* Rednour cannot be considered a third-party beneficiary of the policy for purposes of enforcing a bad faith claim. [Emphasis supplied.]

¶ 6 In the instant case, neither Natalie nor Anderson are named insureds in the liability policy. They are third parties, outside of either a contractual or statutory relationship with the insurer. Company does not dispute their entitlement to benefits for medical payments, and in fact, payment has now been made. However, they have no standing to sue Company in bad faith.

¶ 7 Summary judgment is proper where there is no substantial controversy as to any material fact and one party is entitled to judgment as a matter of law. *Erwin v. Frazier*, 1989 OK 95, 786 P.2d 61; *Thompson v. Peters*, 1994 OK CIV APP 97, 885 P.2d 686 (cert. denied 1994); *Builders Steel Co., Inc. v. Hycore, Inc.*, 1994 OK CIV APP 44, 877 P.2d 1168 (cert. denied). As a matter of law, neither Anderson nor Natalie are entitled to pursue this claim for bad faith against Company. While Natalie was entitled to payment for her injuries, she was covered only incidentally. Metro was the only insured. Sum-

mary judgment was properly entered in favor of Company.

¶ 8 AFFIRMED.

BUETTNER, P.J., concurs.

HANSEN, C.J., dissents.

HANSEN, C.J., dissenting:

¶ 9 I dissent. In my opinion *Rednour* was incorrectly decided.