# VAN ARSDALE-OSBORNE BROKERAGE CO. v. WILEY.

No. 3375.   Opinion Filed April 14, 1914.

(140 Pac. 153.)

1. **APPEAL AND ERROR—Case-Made—Evidence.** In the absence of a recital in the case-made that it contains all the evidence submitted or introduced on the trial, this court will not review any question depending upon the facts for its determination.

2. **SAME—Recital of Case-Made—Sufficiency.** The case-made filed in this case contains the following. ''This was all the evidence offered by plaintiff and defendant in this case, and the parties plaintiff and defendant rested their case.'' **Held,** that this is a substantial compliance with the rule laid down by this court.

3. **TRIAL—Direction of Verdict—Evidence.** The only point in issue for the proper determination of the cause is as to whether a policy of insurance applied for had been issued and had become effective. The uncontradicted testimony shows that such policy had been issued and was in effect. **Held,** that it was prejudicial error for the court to deny a motion for a directed verdict in favor of plaintiff.

(Syllabus by the Court.)

*Error from County Court, Texas County;*
*W. C. Crow, Judge.*

Action brought in a justice court by the Van Arsdale-Osborne Brokerage Company against M. G. Wiley. Judgment for defendant on appeal to the county court, and plaintiff brings error. Reversed, with direction.

*E. L. Foulke* and *C. A. Matson,* for plaintiff in error.

*William Edens,* for defendant in error.

RIDDLE, J.   Plaintiff in error, hereinafter referred to as plaintiff, brought this suit in a justice court of Texas county against M. G. Wiley, hereinafter referred to as defendant, to recover on a promissory note the sum of $55, bearing 10 per cent. interest from date if not paid when due.   The facts, briefly stated, are:   The note was executed by defendant in favor of plaintiff in consideration for certain hail insurance, to be issued by Van Arsdale and Osborne, as general agents for the St. Paul Fire & Marine Insurance Company.   An appeal was prosecuted from the justice court to the county court of Texas county.   In that court defendant filed his answer, containing:   First, a general denial; second, admission of the execution of the note; and, third, a plea of failure of consideration, in that said note was executed under an express agreement with I. E. Cameron, who was the local agent for said insurance company, located at Guymon, Okla., that he would procure and have issued and delivered by the St. Paul Fire & Marine Insurance Company to said defendant an insurance policy against loss by hail on 155 acres of wheat located on certain lands in Texas county; that said defendant never at any time received said policy, and that no policy had ever been issued by plaintiff or by said insurance company in consideration for the note; that he had made demand upon said Cameron, as agent, and on plaintiff that they execute and deliver a policy to cover said wheat in consideration of said note, but that they refused to execute and deliver same; that said note was absolutely without any consideration, and was void. In substance, the testimony was that defendant signed two applications for insurance, the wheat being located on two different tracts of land; he then executed the note in question and delivered it to Cameron, the agent; that Cameron told defendant at the time the terms required by the company he represented were that, upon the execution of a note for $55, he would procure a policy executed by the insurance company; that he went to Cameron, the agent, fifteen or twenty days after he made the application and asked for his policy; that Cameron stated that he was pretty sure he had the policy, but was unable to find same, but stated he would look again, defendant stating that he

was going away to be gone a month or two; that he never made any other attempt to get the policies. The applications contain the following: "Shall we send policy to you, or to the agent?" Ans. "Send the policy to the agent."

Van Arsdale testified on behalf of plaintiff that he and Osborne, of Wichita, Kan., were the general agents of the St. Paul Fire & Marine Insurance Company; that it was his duty to receive and approve the applications for hail insurance in behalf of his firm; that the applications which were introduced in evidence, marked Exhibits A and B, were received on May 25, 1910, and were approved on said day, and two policies issued, being numbered 68,296 and 68,297 respectively. He produced copies of the original policies, and testified that the originals were mailed to I. E. Cameron, Guymon, Okla.; that the original policies were not in possession of the said Van Arsdale-Osborne Brokerage Company; that the premiums on said policies were paid to the St. Paul Fire & Marine Insurance Company on or about the 1st day of June by Van Arsdale and Osborne; that they had never received any notice from defendant that the policies had not been received.

Cameron testified that he was local agent for said insurance company, and was also in the banking business at Guymon, Okla. He identified the note and the two applications introduced in evidence. The question was asked witness: "'Send the policies to agent'; was that in there before Wiley signed it (referring to the applications)?" Ans. "Yes, sir." He further testified that he received the policies from the general agents and mailed them to Mr. Wiley; that he put them in a mail box, addressed to Mr. Wiley, with sufficient postage; that the envelope contained a return card; but that same was never returned. At the close of the evidence, plaintiff moved for a directed verdict, which motion was overruled and exceptions taken. The issues were submitted to the jury, and a verdict returned in favor of the defendant. Motion for a new trial was filed, overruled, and exceptions taken.

Defendant in error, M. G. Wiley, died on the 11th day of December, 1913, and this cause has been revived in this court in

the name· of Elizabeth Wiley and Mary Elizabeth Wiley, heirs of M. G. Wiley, deceased; and said parties are substituted as defendants in error in said cause.

Defendant in error has filed a brief, contending that the case-made contains no statement showing that the same includes all the evidence introduced in the trial of said cause; and that, inasmuch as the only error complained of is that the verdict of the jury was not sustained by any evidence, and was manifestly given under the influence of passion and prejudice, it cannot be considered in this court.   This is the· only. ground discussed in the brief filed by defendant in error.   The case-made on page 54, among other things, contains the following:

"This is all the evidence offered by plaintiff and defendant in this cause, and the parties plaintiff and defendant rested their case."

If, as stated therein, the case-made includes all the evidence offered in the trial of said cause by both plaintiff and defendant, it would necessarily follow that it included all the evidence introduced on the trial, for evidence could not well be introduced and received by the court, unless it was offered.   While we recognize the uniform rule of this court that, if the case-made fails to contain a statement showing that it includes all the evidence introduced in the trial of a cause, we are not authorized to examine into the sufficiency of the evidence to ascertain whether or not the judgment is sustained, we are of the opinion, however, that this statement above quoted substantially complies with the holdings of this court.

From the foregoing facts, in our opinion, the only question for this court to determine is whether or not, under the undisputed testimony, the court committed prejudicial error in overruling the motion for a directed verdict.   The answer of defendant sets up a good defense to the note in question, and, had it been sustained by the evidence, or if the facts were controverted, and had a verdict of the jury been returned in favor of defendant under proper instructions, then the judgment of the court should not be disturbed on appeal.   Defendant not only alleged that it was the agreement that the policy be issued and

delivered to him, and that he never received any policies, but he further alleges that no such policis were ever issued by the insurance company. It is admitted that in his applications a written request was made on the company to send the policies to the agent at Guymon. The testimony is undisputed that the policies were issued and mailed to and received by Cameron, the person who was designated by defendant to receive the policies. The applications, signed by the defendant and introduced in evidence, provide that:

"I, M. G. Wiley, of post office Guymon, in the county of Texas, in the state of Oklahoma, hereby makes application to the St. Paul Fire & Marine Insurance Company for insurance upon growing grain against damage by hail only, for the season of 1910, to the amount of three hundred twenty-five dollars, *from the day this application is accepted and approved by Van Arsdale & Osborne, general agents, at Wichita, Kansas, at 12 o'clock noon until September 15, 1910, at noon, standard time."* (Italics ours.)

When the applications were approved and the policies delivered to Cameron, the person who had been designated by defendant to receive them, the contract was fully consummated; and, in our judgment, it is immaterial, so far as the right of plaintiff to recover in this case, whether or not the policies were personally delivered to defendant. Under this state of facts, had the crop covered by the insurance policies been destroyed by hail, and defendant had sued the insurance company upon the policies seeking a recovery, we feel that no court would be warranted in that case in denying a recovery solely by reason of the fact that, after the policies were issued and delivered to Cameron for delivery, they had not been personally delivered to defendant. To so hold would be to adhere to technicality and form, and to ignore substance and reason; and the same rule must be applied in determining the rights of plaintiff in this case. While it is true that, as a general rule, before an insurance policy becomes effective, a delivery must be made, whether or not a policy becomes effective before delivery is usually controlled by provisions of the contract. In this case it would appear that a reasonable construction of the applications in question would

be to hold that, when they were approved by the general agent of the company, the insurance became effective. The policies were actually issued in favor of defendant and delivered to the person designated by him, and the testimony showing this state of facts is uncontradicted. *Terry v. Creed,* 28 Okla. 857, 115 Pac. 1022; *Spaulding Mfg. Co. v. Holliday,* 32 Okla. 823, 124 Pac. 35; *Spaulding Mfg. Co. v. Cooksey,* 34 Okla. 790, 127 Pac. 414.

It is therefore our conclusion that the motion for a directed verdict should have been sustained by the trial court, and that the court, in denying said motion, committed prejudicial error, requiring a reversal of this case; and it is the order of the court that said cause be reversed, with direction to the trial court to set aside the verdict of the jury and proceed in accordance with this opinion.

All the Justices concur.