## CHESTNUTT-GIBBONS GROCER CO. v. CONSUMERS' FRUIT CO.

No. 3937.    Opinion Filed November 24, 1914.

(144 Pac. 591.)

**TRIAL—Directing Verdict.** The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict, should the jury find in accordance therewith. (Syllabus by Galbraith, C.)

*Error from District Court, Muskogee County;*

*R. C. Allen, Judge.*

Action by the Consumers' Fruit Company against the Chestnutt-Gibbons Grocer Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Irwin Donovan,* for plaintiff in error.

*John H. Mosier* and *Rush Greenslade,* for defendant in error.

Opinion by GALBRAITH, C.   The one assignment of error urged for the reversal of the judgment appealed from in this cause is that the trial court erred in directing the jury to return a verdict for the plaintiff.

The record shows that the Consumers' Fruit Company was a California corporation, with offices at San Francisco, in that state; that it was engaged in the business of the sale and distribution of dried fruits; that the plaintiff in error was a wholesale grocery company, doing business at the city of Muskogee, Okla.; that in the summer of the year 1907 the Chestnutt-Gibbons Grocer Company, acting through a brokerage firm in Kansas City, Mo., executed a number of orders for dried fruit, amounting in the aggregate to a car load; that the brokerage firm ordered the car of dried fruit from the defendant in error to be shipped to the plaintiff in error at Muskogee, Okla.; that, before the car was shipped, the panic of 1907 came on, and the Chestnutt-Gibbons Company was in financial distress, and was desirous of being released from the contract; that Mr. Gibbons, the secretary-treasurer of this company, went to Kansas City on January 10, 1908, and conferred with the brokerage firm who had placed the order; that an unsuccessful effort was made to have the order canceled, and arrangements were then made with the brokerage firm to take the car and dispose of the fruit and account for the proceeds to the Chestnutt-Gibbons Company, dividing the profit, if any, with the brokerage firm, and the loss, if any, was to be sustained by the Chestnutt-Gibbons Grocer Company. On February 1st, and before the car was shipped from Fresno, Cal., the brokerage firm at Kansas City notified the Chestnutt-Gibbons Company that they were informed that the car of dried fruit was about to be shipped, and that if they still thought they would be unable to take care of it upon its arrival at Muskogee to advise promptly, and they (the brokers) would wire the

shipper to divert the car to them at Kansas City. To this letter the Chestnutt-Gibbons Grocer Company replied that they thought their Mr. Gibbons had settled the matter with the brokerage firm by the arrangements of January 10, 1908, and that they could not use the car, and trusted that the brokerage firm would carry out their agreement about it. On receipt of this letter, the brokerage firm wired the shipper to divert the car to them at Kansas City, and the car was diverted by the railroad company and delivered accordingly. The brokers, as agents for the Chestnutt-Gibbons Company, disposed of the car for their account. This suit is for the difference between the proceeds of such sale and the original contract price.

The motion for an instructed verdict presented to the trial court the question whether or not the evidence offered on behalf of the defendant was sufficient to support a judgment in its favor, should one be returned for it. The rule announced by the court in *Solts v. Southwestern Cotton Oil Co.,* 28 Okla., 706, 115 Pac. 776, and quoted with approval in *Duncan Cotton Oil Co. v. Cox,* 41 Okla. 638, 139 Pac. 272, is as follows:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith."

There is really no conflict in the evidence. The purchase of the car of dried fruit and its delivery are admitted. The evidence clearly shows that the brokers at Kansas City were authorized by the Chestnutt-Gibbons Grocer Company to have the car diverted and delivered to them at Kansas City, and that they were to dispose of it, and the Chestnutt-Gibbons Grocer Company were to be liable for the difference, if any, between the proceeds of such sale and the original contract price. The evidence offered on behalf of the defendant in the trial court was not sufficient to sustain a verdict in its favor. Under this state of the record, it was the duty of the trial court to peremptorily in-

struct a verdict for the plaintiff. *Homeland Realty Co. v. Robison*, 39 Okla. 591, 136 Pac. 585; *Jones v. First State Bank of Bristow*, 39 Okla. 784, 136 Pac. 737; *Van Arsdale-Osborne Brokerage Co. v. Wiley*, 40 Okla. 651, 140 Pac. 153; *Horne v. Oklahoma State Bank*, 42 Okla. 37, 139 Pac. 992.

We recommend that the exception be overruled, and that the judgment appealed from be affirmed.

By the Court: It is so ordered.