### SUPREME TRIBE OF BEN HUR v. OWENS *et al.*

No. 5086.   Opinion Filed August 10, 1915.

(151 Pac. 198.)

1.  **TRIAL—Directed Verdict.** The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the action is leveled.

2.  **INSURANCE—Fraternal Insurance—Misrepresentations.** Where an applicant for beneficial membership in a fraternal order with insurance features stated in her written application that she had not (prior to that time) applied for beneficial membership in said order, when in fact she had made such an application, and the same was on file in the head office of the order at the time it issued to her a certificate of beneficial membership on said second application, the said order is charged with knowledge of the former application, and it is estopped to plead breach of warranty or misrepresentation, and avoid liability.

(Syllabus by Brown, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Virginia Owens and others against the Supreme Tribe of Ben Hur, a corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

*N. B. Maxey,* for plaintiff in error.

*William T. Hutchings* and *W. P. Z. German,* for defendants in error.

Opinion by .BROWN, C. The plaintiff in error will be hereinafter designated as "defendant," and the defendants in error will be hereinafter designated as "plaintiffs," in accord with their respective titles in the trial court.

The defendant is a fraternal association with insurance features. The plaintiffs brought this action in the super.or court of Muskogee county against the defendant to recover the sum of $1,000 on a certificate of beneficial membership that it had issued to Amelia A. Owens, the mother of the plaintiffs. The application for said certificate was made June 14, 1911, and the certificate was issued June 26, 1911. On or about the 12th day of September, 1911, the said Amelia A. Owens died. After the death of the said Amelia A. Owens, the plaintiffs, the beneficiaries in said certificate, filed proof of death and took the necessary steps to collect the $1,000 as provided in the certificate, but the defendant refused to pay the same; and on May 21, 1912, plaintiffs commenced this action by filing their petition in the lower court to force collection on said certificate. The defendant answered the petition, stating, among other things, that the said Amelia A. Owens made application in writing to become a member of its association, and that in said application she made certain representations and warranties touching the truth of certain answers to questions propounded to her therein; said questions and answers being as follows:

"Have you any uterine or ovarian disease? Answer:. No. Are you in good health? Answer: Yes. Have

you ever before applied for beneficial membership in this order? Answer: No."

And the defendant alleges further in its answer that the said answers to the above questions were false, in that the said Amelia A. Owens was at the time of making same affected with uterine and ovarian disease, was not in good health, and that she had, prior to that date, made application for beneficial membership in its association or order, and further avers that she misled the defendant by the false answers, and that if the defendant had known the truth it would not have issued the certificate. The plaintiffs replied to the answer by general denial; and further, as to answer of deceased concerning her former application for membership in the defendant association or order, that the officers of the defendant at the time of issuing said certificate knew of the former application of deceased, and that the defendant is thereby estopped from taking advantage of the said false statement in this action. The defendant in the trial court assumed the burden of proof, and based its defense solely on the questions and answers above mentioned. After both parties had introduced their evidence at the trial, the court, over the objection of the defendant, instructed the jury to return a verdict for the plaintiffs, which was done, and a judgment rendered accordingly. The defendant in due time filed a motion for new trial, which was overruled, to which defendant excepted.

The question for this court to determine is whether or not the trial court committed error in directing a verdict for the plaintiffs. The law governing trial courts in directing verdicts is well settled:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all

the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the action is leveled."

See *Solts v. Southwestern Cotton Oil Co.*, 28 Okla. 706, 115 Pac. 776; *Eminent Household of Columbian Woodmen v. Prater*, 37 Okla. 568, 133 Pac. 48; *Continental Casualty Co. v. Owens*, 38 Okla. 107, 131 Pac. 1084; *Van Arsdale-Osborne Brokerage Co. v. Wiley*, 40 Okla. 651, 140 Pac. 153; *Sans Bois Coal Co. v. Janeway*, 22 Okla. 425, 99 Pac. 153.

Bearing in mind the rule just announced, we have carefully reviewed all the evidence in this case, and will dispose of the questions and answers in the application of the deceased complained of by the defendant in the order in which they have been hereinbefore set out.

It is not urged here that there is any evidence tending to show that the deceased ever had uterine or ovarian disease, and we will consequently give it no further consideration. But it is insisted that the court erred in not submitting to the jury the question as to whether or not the deceased was in good health at the time she made application for membership in the defendant order or association. We cannot agree with this contention of counsel. The physician who examined the deceased for membership at the time she made her said application

found nothing to indicate that she was otherwise than in perfect health at that time. The first time that we find her suffering with any ailment either before or after application for membership, is in the latter part of July or early part of August after she made her application on the 14th day of June; and there is no evidence that she had been suffering with this disease or any other, prior to the said latter part of July or early part of August. It is therefore clear that the proof does not meet the requirements of the law upon this issue.

The only remaining question to be determined in this case grows out of the false answer of the deceased concerning a prior application for beneficial membership in the defendant order or association. The facts concerning the former application are by stipulation of the parties as follows:

"On the 23d day of December, 1910, the deceased, Amelia A. Owens, applied to the defendant for beneficial membership in said order, and that on the 27th day of December, 1910, the defendant issued to said Amelia A. Owens a certificate of beneficial membership, No. 244417 in said order, and tendered said certificate to her, and that she declined to accept the same, and that it was permitted to lapse, and that said application was at the time of the issuance of said certificate, and has ever since been, on file in the office of said company at Crawfordsville, Ind., its head office."

Therefore the contention of the defendant that the deceased made such false statement is borne out by the undisputed facts.

It is also true that the former application of the deceased for membership in the defendant order or association was on file in the office of the defendant, at Crawfordsville, Ind., its head office, at the time the cer-

tificate upon which this action is founded was issued by the defendant. However, the evidence fails to show that any agent or officer of the defendant had actual knowledge of such former application at the time the certificate here involved was issued. But the plaintiffs insist that it is not necessary that any agent or officer of the defendant have actual knowledge thereof, but that the company is charged with notice of the matters and things that it has in its records. This is the pivotal point in deciding this phase of the case.

Our attention has been called to no case in which this court has had under consideration a similar question, but similar questions have been before the courts of last resort in other jurisdictions, and they lay down the doctrine that a recovery cannot be defeated on the ground that the applicant warranted that he had not made a prior application for insurance in the same company when in fact he had done so, if the company by an examination of its files must have seen that a previous application on behalf of the same person had been made. *O'Rourke v. Hancock Mutual Life Ins. Co.*, 23 R. I. 457, 50 Atl. 834, 57 L. R. A. 496, 91 Am. St. Rep. 643.

In the course of the opinion in the last-cited case, *supra*, the court said:

"The purpose of warranties in a policy is not to set a trap for applicants, but to inform the company about important facts upon which the contract is based. When therefore a company is in actual possession of knowledge of a fact, and by turning to its own record can assure itself better than by the imperfect memory of an applicant, it is a perversion of the purpose of a warranty to allow it to avoid a contract. It is evident injustice for one party to allow another to enter into a contract which the former knows, or is bound to know, is invalid."

In the case of *Mutual Life Ins. Co. of New York v. Nichols,* 24 S. W. 910, and affirmed on rehearing in 26 S. W. 998, the holding of the court is well expressed in the syllabus, which is as follows:

"A company is charged with notice of a former written application and examination of insured, forwarded to its general agent and not accepted."

The defendant in the instant case had the prior application of the deceased in its files at the time it issued the certificate upon which this suit is founded; it had the same information in its possession then that it has now. Since the death of the deceased, it has by search of its records found her former application, and has availed itself of it in this action. If it is available at one time, it ought to be imputable at the other.

We find no error in the record, and the judgment should be affirmed.

By the Court: It is so ordered.