## STATE ex rel. BROOKS v. SCHOOL DIST. NO. 86 et al.

No. 11062—Opinion Filed April 10, 1923.

(Syllabus.)

1. **Trial—Directing Verdict—Effect of Motion.**

The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict in his favor if one be returned.

2. **Same—Taxpayer's Suit for Penalty for Misappropriation of School District Funds.**

Record examined, and held, that there was sufficient evidence to sustain a verdict in plaintiff's favor, and that the trial court erred in directing a verdict in favor of the defendants.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by the State, on the relation of Sam B. Brooks, a taxpayer, against School District No. 86 and others for penalty for misappropriation of school funds. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

O. R. Fegan, for plaintiff in error.

No appearance for defendants in error.

NICHOLSON, J. This action was instituted by the plaintiff in error, as plaintiff below, against the defendants in error, as defendants below, to recover double the amount of certain funds of the school district alleged to have been misappropriated by the defendants Austin, Wilkes, and Brown, as members of the school board; the action being brought under the provisions of sections 6777 and 6778, Rev. Laws 1910.

After the evidence had been introduced the court, upon motion of the defendants, directed the jury to return a verdict in their favor, and upon the verdict so returned, judgment was duly rendered. From this judgment the plaintiff has appealed, and insists that the trial court erred in directing a verdict in favor of the defendants.

The defendants in error have not seen fit to file a brief in accordance with the rules of this court, and under these circumstances the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34. However, we have examined the record, and are convinced that the evidence introduced on behalf of the plaintiff, together with the inferences and conclusions which might be reasonably drawn therefrom, was sufficient to sustain a verdict in the plaintiff's favor had one been returned, and this being true, it was error for the court to direct a verdict for the defendants. Chestnutt-Gibbons Grocer Co. v. Consumers' Fruit Co., 44 Okla. 318, 144 Pac. 591; Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 139 Pac. 270; Solts v. Southwestern Cotton Oil Co., 28 Okla. 706, 115 Pac. 776.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, BRANSON, and COCHRAN, JJ., concur.