## PIERCE OIL CORPORATION v. PUCKETT et al.

No. 13596—Opinion Filed April 22, 1924.

Rehearing Denied May 27, 1924.

1. **Trial—Demurrer to Evidence and Motion for Directed Verdict—Effect.**

Upon consideration of a demurrer to plaintiff's evidence, and motion for a directed verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the demurrer to the evidence and motion for a directed verdict is leveled.

2. **Same—Sufficiency of Plaintiff's Evidence.**

Where there is any competent evidence offered by the plaintiff, reasonably tending to establish plaintiff's cause of action alleged in his petition, and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Contributory Negligence.**

The defense of contributory negligence of plaintiff in a personal injury case, is a question of fact for the jury; and where such defense is properly submitted in the instructions and the jury returns a verdict for the plaintiff, it is, in effect, a finding by the jury that the plaintiff was not contributorily negligent, and is binding upon the appellate court.

4. **Appeal and Error—Harmless Error—Instructions.**

Where an instruction is given to the jury by the trial court which is not technically correct, but, when taken and considered with all the other instructions given, it does not reasonably appear that the rights of the complaining party were prejudiced thereby, the giving of such instruction will not be held to constitute reversible error.

5. **Appeal and Error—Necessity for Arguing Error in Brief.**

Assignments of error which are not presented in the argument in the brief of

plaintiff in error will be held to be waived.

### 6. Trial—Instructions—Refusal of Requests Covered in Charge.

Where requested instructions embody a correct statement of the law, and are refused by the trial court, the refusal thereof will not constitute reversible error where the instructions given fairly submit the issues made by the pleadings and the evidence adduced upon the trial, to the jury.

### 7. Judgment Sustained.

Record examined, and held, that the defendant was not denied any substantial right upon the trial; and held, there is competent evidence in the record reasonably tending to establish plaintiff's causes of action as alleged in his petition, and reasonably tending to support the verdict and judgment for the plaintiff; and held; that the issues made by the pleadings and the proofs were fairly submitted to the jury, and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by J. S. Puckett against H. D. Snell and Pierce Oil Corporation, for damages; Fidelity & Phoenix Fire Insurance Company, intervener. Judgment for plaintiff for damages, against Pierce Oil Corporation. Judgment for intervener against plaintiff and fixing a lien on plaintiff's judgment. Defendant Pierce Oil Corporation appeals. Affirmed.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiff in error.

Arthur Leach, for defendants in error.

Opinion by SHACKELFORD, C. This action was commenced in the district court of Beckham county against Pierce Oil Corporation and H. D. Snell, to recover damages for destruction and loss of property and for personal injuries sustained by the plaintiff by reason of an explosion of gasoline or gasoline mixed with coal oil, sold by Pierce Oil Corporation to defendant H. D. Snell, and by him sold to plaintiff, for standard grade coal oil. In the original petition Fidelity & Phoenix Insurance Company was joined as a party plaintiff, for the reason that it had issued to the plaintiff a fire policy of insurance on the property destroyed, and had paid the insurance after the destruction of the property; and asked to be subrogated to the amount of insurance so paid. The defendants moved to strike the allegations of the petition referring to the fire insurance company and the action was dismissed so far as the fire insurance company was concerned, and the plaintiff J. S. Puckett filed an amended petition on which the cause was tried. In the amended petition the plaintiff charges that by reason of the carelessness and negligence of the Pierce Oil Corporation and H. D. Snell he was furnished a five gallon can of what purported to be standard grade coal oil, fit for the usual purposes to which coal oil is adapted; but it was, in fact, gasoline, or coal oil of a highly inflammable character, not fit for the use to which coal oil of standard grade is adapted; and that in using the oil furnished in a manner in which it is safe to use coal oil, in kindling a fire, an explosion was produced and a fire followed destroying his household furniture and severely burning and injuring plaintiff. The plaintiff's first cause of action is for the destruction of his property, in the sum of $1,000, and the second cause of action is for his personal injuries amounting to $6,000. The defendant Pierce Oil Corporation filed a verified general denial and plea of contributory negligence by way of answer to both causes of action. The defendant H. D. Snell answered by general denial, except that he admitted having sold the plaintiff five gallons of kerosene oil; and alleges that it had been inspected showing that it was a good grade under the standard test and was not dangerous nor explosive when used for the purposes intended; and attaches a copy of the test; that he purchased said oil from the defendant Pierce Oil Corporation, and was without fault or negligence in the matter; that if injury and damage resulted from the use of the oil it was chargeable to the Pierce Oil Corporation, or due to plaintiff's own negligence. The plaintiff replied by general denial. The Fidelity & Phoenix Fire Insurance Company filed a petition in intervention, alleging that under a certain fire policy issued to plaintiff covering his property which was destroyed, it had paid plaintiff the sum of $300 insurance money, and asked to be subrogated to the rights of the plaintiff to the extent of $300 in case of his recovery.

The cause was tried to a jury on the 10th of February, 1922, resulting in a verdict for plaintiff in the sum of $1,000 for the destruction of his property and the sum of $750 for his personal injuries, against the defendant Pierce Oil Corporation, and a verdict in favor of the defendant H. D. Snell. Judgment was entered for plaintiff in accordance with the verdict; and the intervener was given judgment against the plaintiff subrogating it to the rights of the plaintiff in the amount of recovery for his property destroyed to the extent of $300. The defend-

ant Pierce Oil Corporation, in apt time, filed a motion for new trial which was overruled, and prosecutes appeal against plaintiff T. S. Puckett, defendant H. D. Snell, and intervener Fidelity & Phoenix Fire Insurance Company, as defendants in error.

The plaintiff in error assigns as errors the following:

(1) The court erred in overruling the motion for a new trial.

(2) The court erred in overruling defendant's demurrer to plaintiff's evidence.

(3) The court erred in overruling the motion for a directed verdict.

(4) The court erred in giving to the jury court's instruction number five.

(5) The court erred in giving to the jury court's instruction number six.

(6) The court erred in giving to the jury court's instruction number eight.

(7) The court erred in refusing defendant's requested instruction number two.

(8) The court erred in refusing the defendant's requested instruction number three.

(9) The court erred in refusing defendant's requested instruction number five.

The second and third assignments of error will be considered together. The plaintiff's evidence tended to prove that plaintiff is a farmer living in the country north of Sayre; that on the 20th of September, 1919, he bought of the defendant H. D. Snell a five gallon can of what he supposed was standard grade coal oil, to be used at his home in lamps for lighting purposes, and to kindle fires; that on Tuesday after he got the oil on Saturday he started to build a fire and first used a little oil there was in a bottle by pouring it on the kindling and then touched a match to it and it started to burn, and he went to get some coal and when he returned saw the kindling was not going to burn, and then he took the can containing the oil he got from Snell and started to pour a little of it on the kindling and the oil took fire, flashed up, and set the plaintiff's clothing on fire, and plaintiff ran out of the house and was badly burned before he could get the fire out, and the house containing his furniture was burned and furniture destroyed of the value of a little more than $1,000; and sustained loss of time and endured great pain because of his burns, and was confined to his room for about five weeks, his hands being burned inside and out, and he was burned on the breast and on the neck, causing the skin to draw and give him trouble for a year, and his ears and face were burned so that the skin peeled off; and he was out more than $200 for nurse hire, drugs, and doctor bill; that the use of coal oil as he used it was common and not dangerous, and that the oil was not poured on live coals, but there was a light blaze flickering around over the kindling and that coal oil will not explode from a blaze; that gasoline will readily flash up from a blaze close to it; that the oil was bought by and sold to plaintiff for coal oil and plaintiff thought it was coal oil; that the weather was cold, and the can had set out doors all night, and that coal oil is harder to set fire to when it is cold then when warm; that coal oil was commonly used by plaintiff, but he never saw any act as that did; that Frank Nash was local agent of the defendant Pierce Oil Corporation, and he said that a boy by the name of Haygood had put the oil in Snell's underground tank, and that Haygood started out with a mixed load of coal oil and gasoline; that the plaintiff's can was filled from Snell's underground tank, and that Snell got the oil from Pierce Oil Corporation; that other parties got oil from Snell's tank about the same time, and one of them had trouble with it and thought it was gasoline and brought it back, and a second party complained about the way it acted and the complaint was reported to Mr. Nash, the local agent of the Pierce Oil Corporation, who looked after their local business, and he was told that the oil smelled like gasoline and he said that he just got in a new car of coal oil and it smelled a little "out"; that a test was made of some of the oil that was brought back and it caught fire like gasoline and would burn where coal oil would not burn, and had a flash test of 64 and a gravity test of 46, and that nothing under 110 flash test is considered standard for coal oil; that if it flashes at any degree under 110 it is condemnable as not standard coal oil; and other of the purchasers of oil out of the same tank came near having an explosion from its use when using it as coal oil is ordinarily used; it flashed up and caught a cup on fire and was thrown out of doors; it caught too quickly for coal oil.

The statutes of this state make it unlawful to sell oils or fluids that will flash at a temperature of less than 115 degrees fahrenheit. In Spencer v. Holt, 82 Okla. 280, 200 Pac. 187, it was held by this court that where a police regulation of the state was violated it constituted negligence per se, if the other elements of actionable negligence exist.

We think the proof offered tended to show

that oil was sold to the plaintiff which was not of the grade required by the statute, and under the holding of the court in Spencer v. Holt, supra, tended to establish negligence on the part of the defendants in furnishing such oil. There is no dispute about the plaintiff having gotten the oil from Snell who in turn got it from the Pierce Oil Corporation. There is no doubt that plaintiff lost his property and sustained injury to his person by reason of using the oil furnished him. It has been repeatedly held by this court that upon consideration of a demurrer to the evidence, or a motion for a directed verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the demurrer to the evidence or motion for a directed verdict is leveled. Shawnee Light & Power Co. v. Sears, 21 Okla. 13, 95 Pac. 449; Ziska v. Ziska, 20 Okla. 634, 95 Pac. 254; Supreme Tribe of Ben Hur v. Owens, 50 Okla. 629. 151 Pac. 198; Shields v. Smith, 50 Okla. 548. 151 Pac. 207; Ferris v. Holiman, 78 Okla. 251, 190 Pac. 409.

But, it would appear that the main ground on which the demurrer to the plaintiff's evidence and the motion for a directed verdict is based is upon the contention made that the evidence showed that plaintiff's injury was proximately caused by his own negligence. The conclusion that the plaintiff's own negligence was the proximate cause of the injury is not supported by this record. The plaintiff bought the oil for standard coal oil, and used it as he had before used standard oil; and as other witnesses said they had used standard coal oil without injury resulting. The defendant pleaded contributory negligence; and the law makes contributory negligence a question of fact for the jury. The court properly submitted such contentions to the jury in the instructions; the jury settled the matter in plaintiff's favor, and this court is not at liberty to overturn the finding of the jury upon that point. We think it was not error to overrule the demurrer to plaintiff's evidence, nor was it error to overrule the defendant's motion for a directed verdict.

The plaintiff in error complains of the giving of court's instruction number five. By this instruction the court advised the jury that it was unlawful to sell coal oil having a flash point and specific gravity less than certain fixed degrees, and that where coal oil, gasoline or other petroleum is sold or offered for sale without inspection, the law is violated, and subjects the seller to civil liability for resulting damages. The wording of the instruction may not be technically correct; but taken in connection with other instructions given by the court, it is not easy to see how the jury could have been misled by this instruction, or how the rights of plaintiff in error could have been prejudiced in any way by the instruction. No authorities are cited by plaintiff in error in its argument; and we are not impressed by the argument that there is any error in the instruction requiring a reversal of the judgment.

The complaint made by the plaintiff in error that the court erred in giving court's instructions numbers six and eight is not supported by argument or authorities cited, and will be held to be waived under the repeated holdings of this court.

The plaintiff in error complains that the court erred in refusing to give defendant's requested instruction number two. The plaintiff in error, by this requested instruction, sought to have the jury advised that if they should find a failure to perform a duty owed by either defendants to plaintiff, resulting in injury to him, that in determining whether the injury was proximately caused by failure of the defendants, they must find from a preponderance of the evidence that the injury to said plaintiff was such as should have been forseen by defendant and such as a man of ordinary experience and sagacity could forsee would probably ensue from such failure. As an abstract legal proposition the requested instruction may be correct. But, we know of no case where such an instruction was required; and no case has been pointed out to us where a reversal of a judgment resulted from a failure of the trial court to give a similar instruction when requested.

By defendant's requested instruction number three, defendant sought to have the jury instructed that a negligent act is not deemed the proximate cause of an injury if there intervenes between it and the injury a negligent act of some other person which is the efficient and active agency in working the injury. That if they should find from the evidence that the Pioneer Oil Corporation had negligently sold coal oil mixed with gasoline to Snell, and Snell knew of it, or had knowledge of such facts as a reasonable man would ordinarily think sufficient to put him upon notice of the facts, that Snell's negligence would be the proximate cause, and not the negligence of the Pierce Oil Corporation. The plaintiff in error cites as authority, Catlin v. Union Oil Co. of California (Cal.) 161 Pac. 29. But, such

an instruction should be based upon facts established in the trial, as would appear from the California case. In the case under consideration it would appear from the record that some complaint was made to Mr. Snell about the oil before he made the sale to the plaintiff, and Mr. Snell, or some of his clerks, talked to the local agent of the Pierce Oil Corporation about the matter, and it seems that he assured them that there was not a chance that the oil could be other than standard grade coal oil; that it was out of fresh car and smelled a little strong. These matters were in dispute, it is true, but there was ample evidence to warrant the jury in concluding that such was what occurred. Mr. Snell seems to have relied on the assurance given him that the oil was standard grade coal oil. In the California case, supra, quite a different state of facts were presented. In that case the merchant selling the oil made his own tests independent of any assurance given by the oil company. There is no evidence in the instant case to warrant the giving of the requested instruction, and it was not error to refuse it.

The ninth assignment of error is not argued in the brief, and no authorities are cited, and it will be held to be waived.

We have examined the entire record and conclude from such examination that the plaintiff in error had a fair trial; that the issues were properly submitted to the jury by the court's instructions, and there is ample testimony in the record to support the verdict returned for plaintiff and the judgment entered in accordance therewith.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.