## EAGLE LOAN & INV. CO. v. STARKS et ux.

No. 16263—Opinion Filed Feb. 2, 1926.

**1. Appeal and Error—Briefs—Necessity for Argument and Authorities.**

Assignments of error presented by counsel in their brief, if unsupported by authority or argument, will not be noticed by the court unless it is apparent, without further research, that they are well taken.

**2. Trial—Demurrer to Evidence—Directed Verdict—When Not Justified.**

Where there is any competent evidence offered by the plaintiff reasonably tending to establish plaintiff's cause of action alleged in his petition and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled.

**3. Trial—When Directed Verdict Proper for Defendant.**

The court may withdraw a case from the jury and direct a verdict for the defendant where the evidence is undisputed or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by John E. Starks and Mary Frances Starks against Eagle Loan & Investment Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

A. H. Meyer and J. S. Lewis, for plaintiff in error.

John A. Maupin, for defendants in error.

Opinion by PINKHAM, C. This action was originally instituted in a justice of the peace court by the defendants in error, John E. Starks and Mary Frances Starks, against the plaintiff in error, Eagle Loan & Investment Company, a corporation, as defendant, for the recovery of usurious interest alleged to have been charged and paid in the sum of $94, attorneys' fees and costs of suit. The parties will be referred to as they appeared in the trial court. Judgment was rendered in the justice court against the defendant in the sum of $94 and attorneys' fees in the sum of $10, and costs. The case was appealed to the district court. The cause came on for trial in the district court, and before the introduction of evidence the defendant objected to the introduction of evidence on the part of plaintiffs on the grounds that

a judgment had been previously rendered in this cause, and that said judgment so rendered was a bar to any further recovery in this action. This objection was overruled by the court, to which ruling the defendant excepted, and thereafter a jury was impaneled to try the issues joined by the plaintiffs and defendant. At the conclusion of plaintiffs' evidence in chief the defendant interposed a demurrer thereto, which demurrer was overruled, to which ruling of the court the defendant excepted, and thereafter the defendant submitted its evidence, and at the conclusion thereof on the part of the defendant the court, upon motion of plaintiffs' attorney, directed the jury to return a verdict in favor of plaintiffs in the sum of $94, and to which directed verdict by the court the defendant excepted. Thereafter the court rendered judgment on said verdict in the sum of $94, attorneys' fees in the sum of $25, and costs of suit. To the rendition of said judgment defendant filed its motion for new trial, which was overruled, exception reserved, and the cause comes regularly on the appeal of the defendant to this court for review by petition in error and case-made attached.

Defendant's first assignment of error, that the court erred in not sustaining plaintiff in error's motion to dismiss this action, for the reason that the same issues between the parties and the same subject-matter were litigated in another action in the same court, which constitute a bar to defendant in error's recovery in this action, cannot be considered, in view of the statement of counsel for defendant that there is no evidence of a former proceeding such as will enable this court to take cognizance thereof.

"Assignments of error presented by counsel in their brief, if unsupported by authority or argument, will not be noticed by the court unless it is apparent without further research that they are well taken." Hatcher v. Robertson, 63 Okla. 296, 164 Pac. 1141.

The second assignment of error is that the court erred in overruling defendant's demurrer to plaintiffs' evidence. The plaintiff Mary Frances Starks testified that on the 22nd day of August, 1922, she borrowed $100 from the defendant, for which she executed a note and also executed two other notes, each calling for $23.50; that she paid off the two notes of $23.50 each, amounting to $47 for the use of the $100 loan, and that she paid back the principal note of $100, making a total of $147; that these payments were made in various amounts at different times from the date of the loan, August 22, 1922, to February 21,

1923, at which time she completed the payment of the principal of $100 and two interest notes of $47. She further testified that in February, 1923, she borrowed $50 more, and that she had paid $76.50 on the $50 loan, and that in July, 1923, she borrowed another $50. She further testified that she used part of the $50 loan made in February to pay off the $100 loan.

"Where there is any competent evidence offered by the plaintiff, reasonably tending to establish plaintiff's cause of action alleged in his petition, and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled." Pierce Oil Corporation v. Puckett, 99 Okla. 228, 226 Pac. 364.

We think defendant's demurrer to plaintiffs' evidence was properly overruled.

Defendant's third and sixth assignments of error relate to the introduction of evidence and the refusal of the trial court in ruling out competent and legal evidence. The argument is that certain purported receipts and other papers were not properly identified, and were not germane to the issues raised by the pleadings in this case. It appears that certain receipts showing the amount of money paid by the plaintiffs to the defendant were introduced in evidence over the objection of the defendant. We think the receipts were properly identified and were properly received in evidence by the court.

It is further urged that the court committed error in directing the jury to return a verdict in favor of the defendants in error as there were disputed questions of fact which should have gone to the jury. A number of decisions of this court are cited by counsel for defendant, all of which are to the effect that:

"Where there is a material controverted question of fact upon which reasonable minds might fairly come to different conclusions, it is error for the court to direct a verdict." Lane v. Choctaw, O. & G. R. Co., 19 Okla. 324, 91 Pac. 884; Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164; Pierce Oil Corporation v. Puckett, supra.

It is the theory of defendant that the evidence of the plaintiffs established that the transaction had between the defendant and the plaintiffs was a continuous one, and that the amount obtained by the plaintiffs was $200, and that from the commencement of the loans to the completion thereof covered a period of time of 18 months, and that the interest thereon would amount to approximately $20 and that no usurious interest was paid, and therefore no valid judgment could be rendered against it. This theory, we think, is clearly untenable. The manager of the defendant testified that he made three separate loans to the plaintiffs: $100 August 22, 1922; $50 February 7, 1923; and $50 July 7, 1923. He further testified that the plaintiffs were to pay on the $100 loan, the subject of action in the instant case, $24.50 or $24.75 a month for six months.

In directing a verdict for the plaintiffs the court said:

"The court is of the opinion that the evidence conclusively shows, and there is no evidence to the contrary, that $47 usury was paid on this $100 note."

An examination of the evidence in this case amply sustains this statement of the trial court. It is the general rule that where there is no evidence on an issue before the jury, or the weight of the evidence is so decidedly preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial judge to direct the verdict. 26 R. C. L. 1068; Empire State Cattle Co. v. Atchison, etc., R. Co., 210 U. S. 1, 52 L. Ed. 931; Neeley v. Southwestern Cotton Seed Oil Co., 13 Okla. 356, 75 Pac. 537; Harris v. Missouri, etc., R. Co., 24 Okla. 341, 103 Pac. 758; Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016; St. Louis, etc., R. Co. v. Cole, 49 Okla. 1, 149 Pac. 872; Supreme Tribe, etc., v. Owens, 50 Okla. 629, 151 Pac. 198.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1428 § 1591; p. 1431 § 1593; 2 R. C. L. p. 178; 1 R. C. L. Supp. p. 426; 4 R. C. L. Supp. p. 88; 5 R. C. L. Supp. p. 78. (2) 38 Cyc. pp. 1548, 1569; 26 R. C. L. p. 1061. (3) 38 Cyc. p. 1571; 26 R. C. L. p. 1067; 3 R. C. L. Supp. 1491; 4 R. C. L. Supp. 1694; 5 R. C. L. Supp. p. 1438.