## DUNGAN v. JESKO.

No. 16190—Opinion Filed June 1, 1926.

**1. Appeal and Error—Review—Lack of Record on Refusal of New Trial.**

Where the record fails to show the overruling of a motion for new trial, there is nothing presented for review in this court.

**2. Attachment—Rights to Dissolution Waived by Consent to Sale by Sheriff.**

Defendant is precluded from insisting on dissolution of attachment, where he has agreed that the attached chattels may be sold by the sheriff and the proceeds retained by him or placed in a designated depository to abide the final disposition of the case.

**3. Payment—Acceptance of Check Conditional.**

In the absence of an agreement to the contrary, the acceptance of a check in payment of a debt is conditional, depending upon the check being honored when presented.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by Harry Jesko against W. H. Dungan and L. O. Street. Judgment for plaintiff, and defendant W. H. Dungan brings error. Affirmed.

A. W. Walker and E. C. Patton, for plaintiff in error.

Loofbourrow & Loofbourrow, for defendant in error.

Opinion by JARMAN, C. On September 29, 1923, W. H. Dungan bought 193 hogs from Harry Jesko for $959.20, and gave his check on the May State Bank for the amount of the purchase price, but before accepting the check, Jesko, hereinafter referred to as plaintiff, in company with Dungan, hereinafter referred to as defendant, had the cashier of the First National Bank of Laverne, Okla., where the transaction was had, to telephone the May State Bank of May, Okla., to ascertain whether the check would be honored upon being presented, and, upon receipt of advice from the May State Bank that the defendant had funds on deposit sufficient to take care of the check, the plaintiff accepted said check and deposited the same in the First National Bank of Laverne for collection. The First National

Bank of Laverne forwarded the check in the regular course of business to its correspondent, the Fourth National Bank o. Wichita, Kan., for clearance. During the meantime, the delivery of mail at May, Okla., was practically suspended on account of floods and the check did not reach the May State Bank until about October 23, 1923, one day after said bank had been taken charge of by the State Bank Commissioner, on account of insolvency, for liquidation purposes. The check was returned to the First National Bank of Laverne about November 1, 1923, and said bank notified the plaintiff of the conditions and that the check had been charged to his account. The plaintiff instituted this action to recover the amount o. the check from the defendant, and caused an attachment to be levied on certain hogs the defendant had in his possession. The defendant filed a motion to discharge the attachment, and as one of the grounds therefor alleged that the hogs attached belong d to L. O. Street. While the motion to discharge the attachment was pending, the plaintiff and the defendant executed and filed a stipulation, agreeing for the sheriff to sell the hogs that were attached and to hold the proceeds subject to the disposition of the controversy, and, pursuant thereto, the sheriff sold the attached property and retained the proceeds. The court overruled the motion o. the defendant to discharge the attachment. Thereafter, W. T. Bergman and a number of others were permitted to intervene and file separate interpleas, in which they alleged that the hogs that had been attached had been bought from them by the defendant, acting as the agent of L. O. Street; that the defendant gave his personal checks to the interveners for the purchase price of said hogs, which checks had never been paid, and prayed for personal judgment against Street and the defendant Dungan for the amount of each of said checks and for a lien on the proceeds, held by the sheriff, derived from the sale of the hogs. On motion of the interveners, L. O. Street was made a party defendant, and filed an answer to the several interpleas, denying that the defendant, Dungan, bought the hogs as his agent, and disclaimed any interest in the hogs. At the trial of the cause, on motion of Street, the interveners were required to elect whether they sought personal judgment against Street and Dungan, or to have the proceeds of the attached property applied in satisfaction of their demands. The interveners elected to have the proceeds of the attached property applied to the satisfaction of their demands, and this necessarily discharged and released

Street from any further interest or liability in connection with the suit. The trial resulted in verdict and judgment in favor of the plaintiff against the defendant, Dungan, and the interveners for the amount of the purchase price of the hogs he sold to the defendant, and sustaining the attachment, from which the de endant has appealed, and the interveners have attempted to appeal by cross-petition in error.

The record discloses that the interveners in due time filed a motion for new trial, but the same was never acted upon, which was necessary in order to vest this court with jurisdiction to review the proceedings on behalf of the interveners on appeal. The appeal as to the interveners, for the reasons stated, is dismissed.

The defendant contends: (1) That the trial court erred in refusing to discharge the attachment, and (2) that the court erred in rendering judgment against the defendant or the reason that the delivery by the defendant to the plaintiff of the check in payment of the hogs, and the acceptance thereof by the plaintiff, after having the same O. K.'d by the Bank of May, constituted an assignment of the funds represented by the check to the plaintiff, and that the funds to that amount on deposit in the May State Bank at the time of its failure and at the time it was taken over by the Bank Commissioner, was the property of the plaintiff; and (3) that the plaintiff lost the amount of the check on account of his laches in presenting the check for payment.

The defendant does not cite a single authority to support either of his assignments of error, and, under the rule announced in the case of Eagle Loan & Investment Co. v. Starks et al., 116 Okla. 151, 243 Pac. 725, we would be warranted in not considering the assignments of error and affirming the judgment of the trial court. We will dispose of the case, however, on its merits.

The plaintiff's ground for attachment comes within the 11th subdivision of section 340, C. S. 1921, providing that the plaintiff at or after the commencement of a civil action may have an attachment against the property of the defendant when the debtor has failed to pay the price of an article delivered, which by contract he was bound to pay for on delivery. The defendant contends, however, that the attachment should not have been sustained for the reason that he was not the owner of the property, but that the same was owned by L. O. Street. Mr. Street, in his answer to the interpleas of the interveners, denied ownership of the

property and disclaimed any interest therein. After the property was attached, the same was sold by the sheriff on a stipulation entered into and signed by the defendant, in which he agreed that the property be sold and the proceeds be held by the sheriff to abide the result of the suit. This precludes the defendant from denying the ownership of the property under the rule announced in the case of Collier v. Gannon, 40 Okla. 275, 137 Pac. 1179, as follows:

"An agreement, after seizure of chattels attached, that the sheriff shall sell summarily and retain the proceeds, or place them in a designated depository to abide the final judgment in said proceeding, precludes the defendant from insisting on a dissolution of the writ."

As to the contention of the defendant, that the acceptance of the check by the plaintiff constituted an assignment to the plaintiff of the funds represented thereby. it is sufficient to say there is no evidence to show that the check was accepted unconditionally by the plaintiff as absolute payment and in satisfaction of the purchase price of the hogs. In the absence of an agreement to the contrary, the acceptance of a check in payment of debt is conditional, depending upon the check being honored when presented. Mutual Life Ins. Co. v. Chattanooga Savings Bank, 47 Okla. 748, 150 Pac. 190; U. S. Nat. Bank v. Shupak, 54 Mont. 542, 172 Pac. 324. There being no agreement to the contrary, the check in question was accepted on the condition that the same should be paid when presented.

The remaining question for determination is, whether the plaintiff was guilty of such laches in presenting the check for payment as to defeat his recovery. The record discloses that the check was deposited in the First National Bank of Laverne on the day it was given; that it was then forwarded by the bank to its correspondent at Wichita, Kan., and in due course transmitted to the May State Bank, on which it was drawn, for collection. The plaintiff was in no way responsible for the delay of the check by reason of floods which intervened, and he exercised the diligence of a reasonably prudent man in the handling of the check for collection, and is not responsible for the check not having been paid.

For the reasons given, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 96 §1699. (2) 6 C. J. p. 433 §1004; 2 R. C. L. p. 876. (3) 30 Cyc. p.1208.