**TREADWELL v. EL RENO MILL & ELEVATOR CO.**

No. 21218. Opinion Filed Sept. 27, 1932.

Rehearing Denied Nov. 22, 1932.

W. M. Howenstein, for plaintiff in error.

M. D. Libby, for defendant in error.

CULLISON, J. The El Reno Mill & Elevator Company, as plaintiff, instituted suit against J. W. Treadwell, defendant, seeking to recover $1,247.98, the same being the amount of a draft forwarded by plaintiff to the First National Bank of Grandfield, Okla., for collection and remittance to plaintiff.

On a former trial of this case and appeal to this court, the judgment of the lower court was reversed and said cause remanded for a new trial. 131 Okla. 227, 268 P. 192. It further appears that before the second trial of said cause, the corporation, the El Reno Mill & Elevator Company, was dissolved, but prior to said dissolution had assigned over to K. E. Humphrey all its right, title, and interest in and to all the matters touching said lawsuit and that said lawsuit was concluded by K. E. Humphrey as p'aintiff.

The case was tried to a jury and upon conclusion of the evidence the court directed a verdict in favor of plaintiff and entered judgment thereon, from which judgment of the court defendant appeals to this court. Defendant contends that plaintiff's evidence was insufficient to sustain the judgment of the trial court.

The record discloses that plaintiff shipped to defendant certain mill products. That the bill of lading and draft for the amount of said products were forwarded to the First National Bank of Grandfield, Okla., with explicit instructions from plaintiff to said bank that said draft was "for collection and remittance only to the El Reno Mill & Elevator Company, without depositing or intermingling with the bank's funds."

Defendant accepted the draft and procured the bill of lading, and thereby procured the load of mill products. Upon the date the draft was due, June 5, 1923, de-

fendant went to the bank and drew his check in the amount of the draft and thereupon the bank stamped said draft "paid" and delivered said draft to defendant. On June 5th, the date defendant drew his check on the First National Bank, his deposit in said bank was insufficient to cover the amount of the check given in payment of the draft, and on the two succeeding days he did not have sufficient money on deposit to cover the amount of the check. June 7, 1923, was the last day the bank was open for business. Said bank was closed by the national bank examiner, and liquidated.

The check which defendant drew in payment of the draft was never stamped or marked paid by the bank and was never applied against defendant's account with the bank. There was not sufficient money on deposit in defendant's account to pay the check at any time after defendant wrote the check and the bank did not credit him with an overdraft sufficient to pay the check.

The question in this case is, Did the action of the bank in receiving the check in payment of the draft, when there was not sufficient money to pay the check and the bank held the draft under the restrictions noted, supra—did said action of the bank constitute payment? In the case of Harryman v. Bowlin, 153 Okla. 202, 4 P. (2d) 1011 (not cited in briefs), this court held:

"The delivery of a check to a bank on itself, to which bank a draft with bill of lading attached is sent for collection and remittance. does not amount to a payment, although the maker of the check has sufficient funds on deposit with such bank to meet it, if the bank is insolvent and the check is not paid."

Also, in the case of Dungan v. Jesko, 118 Okla. 217, 246 P. 1094, the court held:

"In the absence of an agreement to the contrary, the acceptance of a check in payment of a debt is conditional, depending upon the check being honored when presented."

Defendant's case does not meet the requirements of the above rules quoted. His check was never honored by the bank, as it was never stamped "paid." There were not sufficient funds on deposit to defendant's credit to satisfy said check. The bank became insolvent and the check was never paid.

The above decision we consider decisive of the case at bar. The judgment of the trial court is affirmed.

Defendant in error, plaintiff below, prays the court for judgment upon the supersedeas bond. Judgment is hereby rendered upon the supersedeas bond filed herein against the defendant, as principal, and W. R. Britton, A. J. Rasmuson, and E. R. Hines, as sureties thereon, for the amount of the judgment rendered by the trial court, with interest from the date thereof at the rate of 6 per cent. per annum, together with the costs of this action.

LESTER, C. J., CLARK, V. C. J., and HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., concurs in conclusion. RILEY, J., absent.