## VAN NOY v. BUCHANAN.

### No. 35725.

Supreme Court of Oklahoma.

Dec. 8, 1953.

Chas. D. Scales, Oklahoma City, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

DAVISON, Justice.

This action was commenced by C. W. Van Noy, hereinafter called plaintiff, to obtain a judgment for damages for the loss of a horse and for personal injuries sustained to plaintiff alleging such damages resulted from a collision between a horse ridden by plaintiff and an automobile driven by Luther James Buchanan, hereinafter called defendant. At the conclusion of the trial the trial court sustained a motion for directed verdict. The verdict was returned and judgment entered thereon.

The sole issue in this appeal is the error of the court in directing a verdict for defendant. Plaintiff filed a petition alleging that he was attempting to cross south Western Avenue in Oklahoma City near south 18th Street when his horse was struck by an automobile driven by defendant. Thereafter he filed an amended petition in which it is alleged in substance that he approached south Western Avenue from a point between 18th and 19th Streets and was proceeding north on the eastern side of the center line when his horse was struck by the automobile driven by defendant.

Defendant answered, and defended on the theory that plaintiff was guilty of contributory negligence in that plaintiff failed and neglected to restrain and keep his horse under control, allowing it to run into defendant's car, on or adjacent to a heavily traveled boulevard; that the horse was unmanageable and plaintiff did not exercise that degree of care as a reasonably prudent man would exercise under similar circumstances, and further that the accident was the result of an unavoidable casualty.

Plaintiff testified that he and two other riders were returning from Capitol Hill Round-up Club roping contest in Capitol Hill; that his horse was in the lead and he came up a slope on to Western Avenue between 18th and 19th Streets and was proceeding north on the east side of the center of Western Avenue when his horse was

struck by the automobile driven by defendant; that said automobile was proceeding in a southerly direction at approximately 50 miles per hour. One witness supported his testimony. On cross-examination this witness testified:

"Q. You weren't on the highway itself? A. On the edge of it.

"Q. Did the accident happen on the edge of the highway? A. On that side.

"Q. On the edge of the highway? A. Yes, sir.

"Q. Right on the edge of the blacktop? A. Whatever it is.

"Q. You know what pavement is. It is the blacktop the cars run on. The accident occurred on the east side? A. Yes, sir.

"Q. That is your testimony? A. Yes sir."

Defendant argues that it was not error for the court to direct a verdict and cites several cases, among them, Richardson v. Parker, 205 Okl. 137, 235 P.2d 940; Sanders v. McMichael, 200 Okl. 501, 197 P.2d 280; City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, and cases therein cited. In several of these cases a safe place to work is involved and the plaintiff is an employee. See Midland Valley R. Co. v. Granery, 77 Okl. 54, 185 P. 1088. Several other cases are similar to City of Tulsa v. Harman, supra, wherein all the facts alleged and proved are held to be insufficient to establish a cause of action in the plaintiff. One case is similar to the case at bar in that plaintiff changed allegations as to the cause of action. See St. Louis & S. F. R. Co. v. Hess, 34 Okl. 615, 126 P. 760. Plaintiff in that case first relied upon the fact that steps leading from a passenger coach were not in place. In an amended petition, plaintiff relied upon a defective lower step. It was held that there was no showing that in alighting the defective lower step was the proximate cause of the injury. It would be useless to prolong the discussion by reviewing the cases cited and relied upon in the case under consideration.

The defendant asks this court to sustain the judgment on the basis that what plaintiff alleged in his amended petition, supported by evidence, did not occur, and states that the evidence discloses that what really occurred is alleged in his first petition. In this jurisdiction that is a question for the jury. In Hansen v. Cunningham., Okl. Sup., 258 P.2d 906, it is stated:

"A demurrer to the evidence admits every fact which the evidence, in the slightest degree, tends to prove, and all inferences and conclusions which can reasonably and logically be drawn therefrom, and if there is conflict in the evidence, that which is unfavorable to the party against whom the demurrer is directed, is to be considered withdrawn. When the evidence is so considered, if it is such that reasonable men may fairly differ as to whether the facts constitute negligence, the question is one for the jury."

In Smith v. Clark, 125 Okl. 18, 256 P. 36, 38, cited in City of Tulsa v. Harman, supra, it is stated:

"In the case of Chicago, R. I. & P. R. Co. v. Wainscott, 103 Okl. 187, 229 P. 808, this court said:

"'To constitute actionable negligence, where the wrong was not willful or intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury. (2) Failure of the defendant to perform that duty. (3) Injury to the plaintiff proximately resulting from such negligence to perform that duty.'"

Plaintiff alleged in his petition and offered evidence to support the allegations of his petition in accordance with the above rule. As to whether or not the failure of defendant to perform his duty to stay on his side of the highway and whether or not the injury to plaintiff resulted therefrom are questions of fact for the consideration of the jury.

■ In Eagle Loan and Investment Co. v. Starks, 116 Okl. 151, 243 P. 725, 726, it is said:

"Where there is any competent evidence offered by the plaintiff, reasonably tending to establish plaintiff's

cause of action alleged in his petition, and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled."

 It was error for the trial court to direct a verdict under the circumstances. Reversed and remanded with directions to grant a new trial.

WELCH, CORN, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.